### JOE HUGGINS v. THE STATE.

#### No. 2285.    Decided December 19, 1900.

**1. Embezzlement of a Horse by Bailee.**

Where a bailee received a horse from the owner upon agreement that he would act as his agent and sell the horse and deliver the proceds of the sale to said owner, and defendant sold the horse as his own, with intent to appropriate the proceeds to his own use, and afterwards did so appropriate them, without the owner's consent, he is guilty of embezzlement of the horse. Following Epperson v. State, 22 Texas Crim. App., 694.

**2. Burden of Proof—Charge.**

Where the court charged the jury that, "Defendant is presumed to be innocent until his guilt is established by legal evidence, beyond a reasonable doubt, and, if you have a reasonable doubt of his guilt, you will find him not guilty," this was sufficient; and, it was not necessary to give defendant's special requested instruction to the effcet that the burden was upon the State throughout, etc., and never shifts from the State to the defendant.

APPEAL from the District Court of Bell. Tried below before Hon. JOHN M. FURMAN.

Appeal from a conviction of embezzlement of a horse; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant found with the record.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was indicted in the District Court of Bell County, the indictment containing two counts—the first for theft by bailee, and the second for the embezzlement of a certain horse. The conviction was upon the latter count.

Appellants first complaint is that the verdict of the jury is contrary to the law and the evidence. The State's evidence, in substance, shows that the horse was delivered by prosecuting witness to appellant, to be taken by him for the purpose of sale, in the town of Belton, on the day of the alleged offense. But, failing to sell the horse, appellant agreed to take him to the pasture of the brother of prosecuting witness, near Temple, and there deliver him to said brother in said pasture. But appellant, without the authority of the owner of the horse, sold him, after making such agreement, for the sum of $20, and converted the money to his own use and benefit. Appellant's contention is that he sold the horse by virtue of an express agreement between himself and prosecuting witness; that he was to act as the owner's agent in the sale of the horse. The jury evidently believed defendant was authorized by the owner to sell the horse, but that he sold with the intent to appropriate the proceeds to his own use and benefit. The charge of the court on this subject was as follows: "And so, if you believe from the evidence that defendant received from John Tarrant's possession the horse in question, under the agreement that defendant should act as the agent of the said Tarrant in the sale of said horse, and that defendant should sell said horse, and pay over to and deliver to said Tarrant the proceeds which defendant should secure from the sale of said horse; and you further believe that defendant sold said horse as his own property, and not as the agent for said Tarrant, and that at the time of said sale defendant had the fraudulent intent to appropriate the proceeds of said sale to his own use, and that, in pursuance of said intent, defendant afterwards appropriated the proceeds of said sale to his own use and benefit, without the consent of said Tarrant—you will find defendant guilty of embezzlement of said horse, etc." We think this is a proper presentation of the law applicable to the facts, and are of opinion that the evidence amply supports the verdict of the jury. Epperson v. State, 22 Texas Criminal Appeals, 694, as suggested by our able Assistant Attorney-General, is almost identical with the case at bar. See also Leonard v. State, 7 Texas Crim. App., 417.

Appellant's second contention is that the court erred in refusing his special charge, to the effect that the burden was upon the State throughout to establish every constituent element of the offense, and

never shifts from the State to the defendant. The court charged the jury "that defendant is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt, and, if you have a reasonable doubt of his guilt, you will find him not guilty." We have specifically held this charge to be sufficient, and that it is not necessary to give the charge requested by appellant. Day v. State, 21 Texas Crim. App., 213; Lewis v. State (Tyler Term, 1900), 59 S. W. Rep., 886. No error appearing in the record, the judgment is affirmed.

*Affirmed.*