Tom Stephens v. The State.

No. 4150. Decided October 11, 1916.

</div>

**1.—Local Option—Bills of Exception.**

Where the first two bills of exception were refused by the court, for the reason that they recited matters which did not occur on the trial, the same could not be considered on appeal.

**2.—Same—Charge of Court—Burden of Proof.**

Where, upon trial of a misdemeanor, the court's charge sufficiently presented the burden of proof, reasonable doubt, and presumption of innocence, there was no error in refusing a requested charge that the burden of proof is on the State throughout the trial, and never shifts to the defendant. Following Huggins v. State, 42 Texas Crim. Rep., 364, and other cases.

**3.—Same—Former Jeopardy—Charge of Court.**

Where the statement of facts showed that there was no evidence offered to support the plea of former jeopardy, and the plea on its face, compared with the record, showed it could not present the question of former jeopardy, there was no error in the court's failure to submit the same.

**4.—Same—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence, although conflicting, supported the conviction, there was no reversible error.

Appeal from the County Court of Fannin. Tried below before the Hon. S. F. Leslie.

Appeal from a conviction of a violation of the local option law; penalty, a fine of twenty-five dollars and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted for violating the local option law, his punishment being assessed at a fine of twenty-five dollars and twenty days imprisonment in the county jail.

The record contains four bills of exception. The first two were refused by the court for the reason they recite matters which did not occur on the trial. The court states no such questions were asked and no bill of exceptions could have been reserved, and he refused to prepare and file a bill of exceptions for the reason that the transaction did not occur and the questions did not take place. This part of the record stands with the statement of the county judge, and no other bill was prepared.

The third bill of exceptions recites that the court erred in refusing to charge the jury that "in the trial of a criminal case the burden of proof is on the State throughout the trial and never shifts to the defendant, and if in this case you have a reasonable doubt of the defendant's guilt you will find him not guilty." We think there was no error in this under the authorities of Huggins v. State, 42 Texas Crim. Rep., 364; Lewis v. State, 42 Texas Crim. Rep., 278, 59 S. W. Rep., 886; Robinson v. State, 42 Texas Crim. Rep., 595, 63 S. W. Rep., 869, and Clark v. State, 59 S. W. Rep., 887. In this connection it may be stated that the court's charge sufficiently presented the burden of proof, reasonable doubt and presumption of innocence. We find the

following charge given by the court: "In all criminal cases the burden of proof is on the State. The defendant is presumed to be innocent until his guilt is established by legal evidence, beyond a reasonable doubt, and in case you have a reasonable doubt as to the defendant's guilt you will acquit him and say by your verdict not guilty." Under the cited authorities this matter was sufficiently presented.

Another bill recites that the court erred in not submitting appellant's plea of jeopardy. The court refused this with the explanation that "defendant filed his plea of former jeopardy and same was noted on the docket. Defendant offered no proof of same and did not even present to the court a charge submitting same to the jury, although the charge of the court was submitted to defendant and his counsel before same was given to the jury and ample time was given to defendant and his counsel to object to same and file any charges defendant might have desired to give to the jury. No objection to the charge was made by the defendant and his attorney and no charges were requested in writing by defendant." An inspection of the statement of facts shows there was no evidence offered to support the plea of jeopardy, and the plea on its face compared with this record shows it could not present the question of jeopardy. Appellant had been previously tried for pursuing the business of violating the local option law. On that trial the jury acquitted. His plea of former acquittal in that case was made the basis of his plea here. Under these circumstances we find there was no error on the part of the court.

The evidence is in conflict. The State's testimony shows a case which the jury believed. The defendant denies the transaction. It was the issue, solved by the jury against the accused.

Finding no reversible error in the record the judgment will be affirmed.

*Affirmed.*