COMER BARTLETT v. THE STATE.

No. 4807.   Decided January 16, 1918.

Rehearing denied February 12, 1918.

**1.—Theft—Sufficiency of the Evidence—Turkeys.**

Where, upon trial of theft of turkeys, the testimony of an accomplice was sufficiently corroborated, the defendant pleading an alibi, the conviction was sustained.

**2.—Same—Jury and Jury Law—Bill of Exceptions.**

Where appellant complained that he was not permitted to ask a juror on his voir dire whether he would convict defendant solely on the testimony of an accomplice, but the bill of exceptions did not show that said juror was on the juy that tried the case, the same can not be reviewed; besides, the record showed that the juror had told the court that he would decide the case according to

law as instructed by the court in regard to the testimony of an accomplice, as well as all other testimony. Following Poulter v. State, 70 Texas Crim. Rep., 197, and other cases.

### 3.—Same—Jury and Jury Law—Bill of Exceptions.

Where appellant complained that he was compelled to accept a certain juror, who was objectionable, but the bill of exceptions failed to show that the question to said juror and the proposed inquiry of other jurors would have elicited an answer disqualifying them or rendering them objectionable to defendant, the matter can not be reviewed; besides the record showed that this particular juror was not disqualified, nor that the exhaustion of peremptory challenges on other veniremen was due to any action of the court. Following Caton v. State, 66 Texas Crim. Rep., 473, 147 S. W. Rep., 590.

### 4.—Same—Jury and Jury Law—Bias—Prejudice—Voire Dire.

The bias or prejudice referred to in the statute is against the person of the accused or against his case, and not that he formed a prejudice against the offense with which the accused is charged, especially so where the juror stated that he would try the case solely according to the law as given in charge by the court, and the evidence submitted under the rulings of the court; besides, the matter is largely in the discretion of the court, and where the record showed the juror is not disqualified under the statute, there was no reversible error. Following Pierson v. State, 21 Texas Crim. App., 14, and other cases.

### 5.—Same—Bill of Exceptions—Practice on Appeal—Filing.

Where the bill of exceptions, which is copied in the record, failed to show its filing, the same can not be considered on appeal.

Appeal from the County Court of Baylor. Tried below before the Hon. Nat. G. Mitchell.

Appeal from a conviction of the theft of turkeys of the value of two dollars; penalty, a fine of one hundred dollars and sixty days confinement in the county jail.

The opinion states the case.

*J. S. Kendall,* for appellant.—On question of accomplice: Black v. State, 42 Texas, 377.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was convicted of the theft of two turkeys. The State relied upon the testimony of an accomplice whose evidence was sufficiently corroborated. Appellant denied the theft and introduced evidence tending to establish an alibi. The issues were submitted to the jury in a charge which is not complained of.

Bill of exceptions No. 1 complains of the refusal of the court to permit appellant, upon the examination of the juror Parker, on his voir dire, to ask the following question: "If in the trial of this case it should develop that the State relies for conviction upon the testimony of an accomplice would you convict the defendant solely upon the testimony of the accomplice?" In allowing the bill the court qualified it with the statement that each juror, responding to the question by the

court, stated that he would decide the case according to the law as given
in the charge by the court in regard to the testimony of an accomplice,
as well as to all other testimony. It is not disclosed by the bill that
Parker was on the jury that tried the case. This renders the bill in-
operative to show error even if the court was in error in refusing to
permit the inquiry, and this, we think, the bill as qualified, does not
show. Kramer v. State, 34 Texas Crim. Rep., 84; Segars v. State,
35 Texas Crim. Rep., 45; Jones v. State, 37 Texas Crim. Rep., 433;
Jordan v. State, 37 Texas Crim. Rep., 224; Stevens v. State, 68 Texas
Crim. Rep., 282, 150 S. W. Rep., 944; Poulter v. State, 70 Texas Crim.
Rep., 197; Collins v. State, 77 Texas Crim. Rep., 156, 178 S. W. Rep.,
345; Barnes v. State, 74 Texas Crim. Rep., 501, 168 S. W. Rep., 858.

Bill No. 3 reiterates the subject matter of bill No. 1, supra, and
states that counsel proposed, and was refused permission, to ask each
of the jurors the same question, and that on motion for new trial this
action was complained of, and in connection therewith, after exhaust-
ing his peremptory challenges he was "compelled to accept the juror
Francis," who was objectionable to the defendant for the reason that
upon his voir dire he had stated that the filing of a complaint created
in his mind an evidence of guilt. Qualifying this bill, the court says
that each of the jurors on their voir dire that they would decide the
case according to the law as given in the court's charge in regard to
the testimony of the accomplice, as well as to all other matters of
evidence; and that the juror Francis stated that an indictment for
chicken theft would prejudice him to some extent against a person so
charged, but that if selected as a juror he could and would lay aside
any prejudice he might have and would try the case solely according
to the law as given in charge by the court, and the evidence submitted
under his rulings. The bill fails to show that the question to the
juror Parker, and the proposed inquiry of the other jurors, would have
elicited an answer disqualifying them or rendering them objectionable
to appellant, and in this respect is incomplete. Caton v. State, 66
Texas Crim. Rep., 473, 147 S. W. Rep., 590. We are unable to deter-
mine from this bill that the juror Francis was challenged for cause,
It does state that he was objectionable and was forced on appellant.
An objectionable juror is one who has formed some opinion as to the
guilt or innocence of the accused. Keaton v. State, 40 Texas Crim.
Rep., 139; Connell v. State, 45 Texas Crim. Rep., 142. From the bill
as qualified, we infer that the mental attitude of the juror Francis was
not that he had formed an opinion as to the guilt or innocence of the
appellant, but rather that such prejudice as he had was against the
offense with which appellant was charged. The statute, article 692,
Code of Criminal Procedure, subdivisions 12 and 13, deals with bias
or prejudice. None of the subdivisions of this statute mention in terms
the adverse feeling produced by knowledge of the indictment. The in-
dictment is not evidence of guilt and the court is required to charge

the jury on a presumption of innocence and the necessity of proof of guilt beyond a reasonable doubt. This was done in the instant case and the juror introduced stated that he would be governed by the charge. It has been held that while the statute makes the fact that one has been a member of the grand jury a ground for challenge it is not available to set aside the verdict where challenge was not made. See Vernon's C. C. P., art. 692 and notes under subd. 7, p. 372. The bias or prejudice referred to in subdivision 12 of the statute is against the person of the accused or against his case. See notes Vernon's C. C. P., pp. 373-374. Subdivision 13 of the statute provides that where a juror on his voir dire states that he has an opinion which will influence his verdict, he should be discharged, and, in effect, that if he declares that he has an opinion which will not affect his verdict, the court has judicial discretion to declare him competent. This discretion, as it formerly existed, was enlarged by the Act of 1885, page 90, Vernon's Code of Criminal Procedure, page 375. We are of opinion that the bill does not show an abuse of this discretion. The juror does not appear to have been disqualified under the statute. Pierson v. State, 21 Texas Crim. App., 14; McKinney v. State, 31 Texas Crim. Rep., 583; Gaines v. State, 37 S. W. Rep., 331; Myers v. State, 77 Texas Crim. Rep., 239, 177 S. W. Rep., 1167. Not being a disqualified juror and the bill failing to show that any objection was made to him at the time of his selection nor that the exhaustion of peremptory challenges on other veniremen was due to any illegal action of the court, we would not be authorized to reverse upon the facts disclosed. Caton v. State, 147 S. W. Rep., 590; Martinez v. State, 57 S. W. Rep., 838; Leeper v. State, 29 Texas Crim. App., 63; Williamson v. State, 36 Texas Crim. Rep., 225; Mays v. State, 36 Texas Crim. Rep., 437; Williams v. State, 60 Texas Crim. Rep., 453.

The Assistant Attorney General has filed a motion to strike out bill of exception No. 2, which is copied in the record, in which there is failure to show its filing. We can not consider the bill.

Finding no reversible error in the record the judgment of the lower court is affirmed.

*Affirmed.*

[Rehearing denied February 12, 1918.—Reporter.]