## RUDOLFO RODRIGUEZ v. THE STATE.

### No. 6172.   Decided May 25, 1921.

**1.—Assault to Murder—Aggravated Assault—Self-defense—Charge of Court— Rule Stated.**

If the accused is not willing to rest his case on an exception to the charge, and correct the error or omission by requested instructions, which is given, he is without well-grounded complaint, and his contention in the instant case, that he was compelled to have the issue of self-defense submitted in a requested charge is without merit.

**2.—Same—Charge of Court—Defense of Another—Misdemeanor.**

In a misdemeanor case a requested charge muust be submitted, and the bill of exceptions alone is not sufficient, besides there was no evidence supporting the proposition that at the time the shot was fired by defendant that the same was in defense of his daughter, and there was no reversible error.

**3.—Same—Right to Arm Himself—Charge of Court—Requested Charge—Self-defense.**

Where, upon trial of assault with intent to murder, and a conviction of aggravated assault, the evidence did not raise the issue that the State's witnesses made demonstrations to attack the defendant and that there was no reason for the use of arms on the part of the defendant at the time of the difficulty, there was no error in refusing a charge to the effect that defendant had the right to arm himself on his own premises, etc.. the court submitting a charge on the law of self-defense, without any limitation.   Following Williford v. State, 38 Texas Crim. Rep., 396, and other cases.

**4.—Same—Reasonable Doubt—Charge of Court—Practice in Trial Court.**

Where the trial court gave the usual charge on presumption of innocence and reasonable doubt, and applied the doctrine of reasonable doubt to the facts, and also to the degree of the crime charged, there was no error in refusing a requested charge upon the same subject.   Following Caton v. State, 66 Texas Crim. Rep., 473.

**5.—Same—Evidence—Credibility of Witness—Indictment—Practice in Trial Court.**

Where the State asked the witness if he had not been indicted for incest, and the defense offered the file mark of said indictment, and the State thereupon introduced the indictment itself, showing that defendant had been indicted for incest, and defendant had admitted that he had been so indicted. there was no reversible error.

**6.—Same—Misconduct of Jury—Affidavits—Practice on Appeal.**

Where the affidavits attached to the motion for new trial showed that two of the jurors swore that one of them had referred to the fact that the defendant was guilty of incest and ought to be given ten years, and the record showed that defendant had admitted before the jury that he had been indicted for incest and the verdict was for aggravated assault, and no injury was shown, there was no reversible error.

**7.—Same—Sufficiency of the Evidence.**

Where, upon trial of assault with intent to murder and a conviction of aggravated assault, the evidence sustained the conviction under a proper charge of the court, there was no reversible error.

Appeal from the District Court of Bexar. Tried below before the Honorable W. S. Anderson.

Appeal from a conviction of aggravated assault; penalty, two years' imprisonment in the County Jail.

The opinion states the case.

*C. A. Davies, R. L. Neal,* and *Clifford H. Davies,* for appellant.— On question of the right to arm himself: Shannon v. State, 28 S. W. Rep., 687; Johnson v. State, 59 id., 269; Nix v. State, 78 id., 227; Coons v. State, 151 id., 820.

On question of reasonable doubt: Caton v. State, 147 S. W. Rep., 591.

On question of introducing indictment: Thompson v. State, 150 S. W. Rep., 181.

On question of misconduct of jury: Kannmacher v. State, 101 S. W. Rep., 240; White v. State, 225 S. W. Rep., 511.

*R. H. Hamilton,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the 37th District Court of Bexar County of an aggravated assault, and his punishment fixed at two years in the county jail.

Appellant was indicted for assault to murder. The parties to the transaction appear to be Mexicans. The record discloses that some months prior to the transaction, one Jose Mata had married the daughter of appellant, said marriage occurring in April, 1919, and the alleged offense having been committed on December 8th of said year. On the day of the alleged assault Jose Mata, accompanied by his wife and brother, came to the premises of appellant, and Francisco Mata, the alleged injured party, went to the place where appellant was and informed him that Jose desired to see him, and the two seem to have gone to the place where Jose and his wife were sitting in a buggy drawn by a pair of mules. It appears that Jose then stated to appellant that he had brought the young woman back and wanted to leave her at appellant's house as he could not get along with her. It substantially appears that appellant then went to his house and procured a shotgun and returned. The State witnesses say that when he started to the house Jose and his wife drove rapidly away, leaving Francisco Mata at the scene. When appellant returned with his gun he says that Francisco told him that he need not follow Jose and his wife, and that he, Francisco, was man enough to defend himself. He claims that Francisco came toward him as though to take the gun away from him, and that he shot Francisco. Appellant claimed that when he first came to the place where his daughter and Jose were, the latter told him that he had brought the girl back to appellant, and that he then asked his daughter if she wanted to come and live with him again, and she said she did, and that he told her to get out of the buggy, but that

Jose said before she came back to live, appellant must go with them to Von Army, and that he told Jose he had no business in Von Army, and that Jose told him he must go, and that if he did not go willingly that he, Jose, would take him. The gun used seems to have been charged with No. 4 shot, and the injury to Francisco was quite serious, the doctor thinking he would have to amputate his arm, but succeeded in saving it.

Appellant excepted to the court's charge for failure to submit self-defense. The special charge asked and given, presented this issue, and the complaint on appeal is that appellant suffered injury by reason of being compelled to have said issue submitted in a requested instruction. The objection is without merit, and the claim that the jury did not give to said special charge the same weight as the main charge, seems without support. If the accused is not willing to rest his case on an exception to the charge, and corrects the error or omission by requested instruction which is given, he is without well-grounded complaint. Calyon v. State, 76 Texas Crim. Rep., 83, 174 S. W. Rep., 591. We are cited to no authority, and know of none, holding that in any case an exception to the charge given for failure to present the law applicable, followed by the giving of a requested charge properly presenting such law, would require reversal.

Appellant excepted to the main charge for failing to instruct the jury the law applicable to his right to defend his daughter, this being followed by a proper bill of exceptions, but no special charge was asked upon said issue. As above indicated, in a misdemeanor case this would in no event present reversible error, but we are of opinion that there is no evidence in this record supporting the proposition that at the time the shot was fired by appellant at Francisco Mata, same was from any standpoint in defense of his daughter. The uncontradicted testimony showed that when appellant fired said shot his daughter and her husband were leaving the vicinity rapidly in their buggy. Appellant said, concerning this matter: "Francisco Mata was about two yards from me when he came at me in this way just like challenging me. Francisco was reaching for my gun when he came toward me, and when I shot him." In another part of his testimony appellant said: "He went to get the gun away from me, he said he was going to defend himself and take the gun away from me. I don't know what he was going to get the gun away from me for. I would not have drawn the gun on him." Appellant nowhere intimates that he shot Francisco in order to protect his daughter, who was in the buggy fleeing with her husband. Had appellant presented a charge on the theory that he shot in defense of his daughter, same would have been properly refused.

Appellant testified that on the occasion in question when his daughter, her husband and Francisco came to deliver the daughter back to him, that he left them out in front of his house and went to the house and got his gun. On the trial he presented his special charge No. 5

to the effect that one may arm himself on his own premises, and in case of real or apparent danger to himself or some of his family, may use such arms; that if appellant armed himself because of the appearance of danger, or attempt on the part of Jose, or Francisco Mata, to take him from his home, he would have the right to use such arms till such real or apparent danger was past, and that if he acted on what appeared to him to be a reasonable apprehension of danger to himself or his daughter, he should be acquitted. We are unable to see any error in the refusal of this charge inasmuch as nothing appears in the testimony indicating in any way that either Jose or Francisco were making any demonstration against appellant, or doing anything indicating reasonably any purpose on their part to attack him, and conceding the facts stated by him in this connection to be true, there would appear to be no reason for the use of arms on his part. At the time he went to the house for his gun, Jose and his wife were sitting in a buggy, and Francisco was on the ground, and it does not appear that Francisco had done or said anything further than to invite appellant to a conference or conversation with Jose. Appellant testified himself that when he came out of the house with his gun Jose and his wife fled, and it does not appear that Francisco had any weapon, or that he made further demonstration than to advance toward appellant announcing his purpose to defend himself. No question of danger, real or apparent, to his daughter from her husband or Francisco is suggested in the record. The trial court charged the jury in special charge No. 6 the law of self-defense on the part of appellant against Francisco, without any limitation, and no need appears for a charge on appellant's right to arm himself either to protect himself or his daughter. Williford v. State, 38 Texas Crim. Rep., 396; Anderson v. State, 85 Texas Crim. Rep., 422, 214 S. W. Rep., 353; Harralson v. State, 60 Texas Crim. Rep., 534, 132 S. W. Rep., 539. Appellant cites a number of authorities. We have examined all of them but find none of them in point. None of their facts are similar, nor is there expression in any of them which would support, as a legal right, the act of one who sought justification for arming himself upon the proposition that he wanted such arms to protect himself against persons who were fleeing from his premises, or to protect himself against one whose most active offense appears to be that he attempted to take hold of the gun in an apparent effort to defend himself.

The trial court gave the usual charge an presumption of innocence and reasonable doubt, and applied the doctrine of reasonable doubt to the facts, and also to the degrees of the crime charged. We see no reason for believing that any necessity existed for the giving of a special charge on reasonable doubt. There is nothing in the Caton case, 66 Texas Crim. Rep., 473, 147 S. W. Rep., 590, which is contrary to this conclusion.

Appellant was asked when a witness if he had not been indicted for incest. This was permissible under all of our decisions as affecting

his credibility as a witness. The defense, in its turn, offered the file mark of said indictment, which appeared to be February, 1920, but the defense objected to the State being allowed to introduce the indictment itself showing that appellant had been indicted for incest with his daughter, wife of Jose Mata, it being alleged in the indictment that the offense occurred in March, 1919, or prior to the marriage of Jose with said daughter. The objection seems to be that proof of the contents of the indictment, or the name of the party with whom the incest should have occurred, was not proper. There might be cases in which such proof of the contents of the indictment might be injurious. In the instant case, bill of exceptions No. 7, which presents appellant's contention in regard to this matter, states that prior to the introduction of said indictment, appellant had been asked while a witness if he had been indicted for incest with his daughter, the wife of Jose Mata, to which he answered he was under bond and had been indicted. It thus appearing by appellant's own admission that he had been indicted for incest with said daughter, the introduction of the contents of the indictment showing the same fact, if erroneous, was harmless. It follows that we think no error is made to appear in this matter.

The sixteenth ground of appellant's motion for new trial sets up misconduct of the jury. Affidavits of two jurors were appended to the motion. No evidence was heard by the trial court in support of said motion. The alleged misconduct set forth in the affidavits of said two jurors consisted in a statement by one juror of the fact that appellant was guilty of incest and ought to be given ten years. Said affidavits further state no fact from which injury would necessarily follow or be inferred. Appellant had admitted before the jury that he had been indicted for incest. The juror referred to in the affidavits as having made the statement must have heard this testimony. Evidently he did not contend for a verdict of ten years, and must have agreed to this verdict of aggravated assault, which is a misdemeanor. It is further shown by the record that immediately after this statement was made by said juror, he was repremanded by the foreman of the jury, and that upon the next ballot more of the jurors were in favor of an acquittal than had theretofore been so inclined. This would negative the idea of injury from such remark. We have carefully examined said affidavits and are of opinion that they are not sufficient to show injury, or to state facts such as that any injury may be inferred. If such affidavits are received at all, they must state facts and by positive averments make reasonably certain some injurious fact, otherwise a new trial shall not be granted.

We have carefully examined this record in the light of the able brief filed by counsel for appellant, and find ourselves unable to agree to his contentions, and an affirmance is ordered.

*Affirmed.*