EMORY WALLING v. THE STATE.

No. 7586.    Decided April 4, 1923.

1.—Transporting Intoxicating Liquor—Insufficiency of the Evidence.

Where, upon trial of unlawfully transporting intoxicating liquor. the testimony is insufficient to support the conviction, the judgment must be reversed and the cause remanded.

2.—Same—Charge of Court—Principals.

Where, upon trial of unlawfully transporting intoxicating liquor, the evidence raised the issue of principals the court properly submitted a charge thereon.

Appeal from the District Court of Knox. Tried below before the Hon. G. H. Milam.

Appeal from a conviction of the unlawful transportation of intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Jas. S. Kendall, D. J. Brookreson* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Knox County of the unlawful transportation of intoxicating liquor, and his punishment fixed at one year in the penitentiary.

Complaint is made that the testimony is not sufficient to support the verdict. Two witnesses testified for the State, none for appellant. The city marshal of Knox City testified that following information of the presence of the parties later arrested by him, in Knox City, that he and some other gentleman drove out upon a certain road and overtook said other parties. At the time they were overtaken said parties had stopped. A. Mr. Hensley was out of the car, and appellant had his head out and was vomiting. When witness' car drove up to the other, one of witness' party asked Mr. Hensley if he had

broken down and he answered affirmatively. Hensley was then asked whose car it was and said that it was his. He was then informed that the officer's party wanted to search the car and replied, ''Help yourself.'' This witness further testified that Charlie Johnson, who was standing in the front seat of Hensley's car, jerked up the front cushion, dragged out a quart jar and threw it on the ground and said, ''By G—d, you won't get this one.'' Witness testified that he then looked under the back cushion and found a quart jar of white corn whisky. He further testified that after they got the whisky this defendant walked up the road a little way, turned around and came back and got a car crank and came at witness with said crank drawn back as though to strike him. Witness pulled his gun and appellant said, ''If you hadn't pulled that gun I would have got you.'' Witness also said that on the way back to town he was riding on the running board of the car and that appellant made a motion like he wanted to throw around the wind-shield with a pair of pliers as if to break the jar of whisky, which presumably the officer had in his hands. The State . introduced as a witness in its behalf Hensley, the owner of the car in question. This witness testified that on the day in question he and his brother-in-law went from his home to Munday and at Munday they picked up in their car a man named McEachen and this appellant. He further testified that they had the whisky in the car at the time appellant joined the party and that they had not seen appellant at any time on that day previous to his getting into the car. Also that appellant did not have any whisky with him at the time he got in the car and that all the whisky that was in the car was in it when appellant entered same.

As we understand this record and the testimony of these witnesses, it does not make out a case of a violation of the law against this appellant. No facts are given in the testimony by any party other than Hensley from which even an inference can be drawn that appellant knew the liquor was in the car. It was not his car, nor was he driving it, nor did he have anything to do with placing the liquor in the car, or with the management, care, control and custody of the car or the liquor during any transportation thereof. From the officer's testimony it appears that both jars of liquor were under the cushions, one under that of the front and the other that of the rear seat, of said car. We can not uphold convictions for violation of the law unless there be evidence in some way that the party charged was either guilty himself of doing the thing which violated the law, or is shown by competent and legitimate testimony to be in some way concerned in doing same.

The court charged on the law of principals and we are not disposed to agree with the criticism indulged by appellant of this charge. If appellant was guilty at all under the facts, it must necessarily be upon the theory that he was a principal with Hensley, whose car it

was and whose liquor it was in the car. The court told the jury that all persons are principals who are guilty of acting together in the commission of an offense, and that when an offense is actually committed by one or more persons but others are present and, knowing the unlawful intent, aid by acts or encourage by words or gestures, those actually engaged in the commission of the unlawful act, that such persons so aiding or encouraging would be principals. The testimony in no way suggests that appellant knew of the unlawful intent on the part of Hensley, or that appellant in any way aided, advised or encouraged by word, act or gesture the said Hensley in committing the offense. Giving to the testimony its full consideration and weight, it suggests nothing more than that appellant was in the car and drank some of Hensley's liquor, and that after the officer apparently arrested the party, appellant started to strike the officer and later tried to strike the bottle of liquor which the officer had in his hands. These might be attributed to drunkenness or any purpose or motive which such actions would suggest, but we do not believe the facts to legitimately support that test prescribed by law for the sufficiency of testimony to show the accused guilty of the offense charged which, in this case, was that of transporting intoxicating liquor.

Being unable to conclude that the testimony measures up to the requirements of the law and conceiving our duty to be plain, the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*