## BOHNE v. STATE.   (No. 7939.)

(Court of Criminal Appeals of Texas. Oct. 8, 1924. Rehearing Denied Nov. 19, 1924.)

1. **Criminal law ⬅1166(9)—Error, if any, in refusing continuance, held immaterial.**

Where testimony of absent witness went only to contradict one of five state witnesses as to defendant's guilt of manufacturing intoxicating liquor, error, if any, in refusing continuance, was immaterial.

2. **Criminal law ⬅459—Evidence that witness had seen whisky at defendant's place, and that latter made alcohol there, properly received.**

Witness' familiarity with whisky and defendant's telling him that some of the liquor he was making was alcohol justified witness' evidence that he had seen whisky at defendant's place and that latter made alcohol there.

3. **Criminal law ⬅1091(11)—Bills of exception in question and answer form not considered.**

Bills of exception in question and answer form cannot be considered.

4. **Criminal law ⬅371(10)—That defendant sold liquor for beverage admissible to show unlawful purpose of manufacture.**

Testimony that defendant charged with manufacturing liquor also sold some of it for beverage was admissible to show unlawful purpose of manufacture.

5. **Criminal law ⬅814(2)—Only issues founded on substantial testimony need be submitted.**

No duty rests on trial judge to submit issue unless there is substantial testimony on which to found it.

6. **Criminal law ⬅814(3)—Refusal of special charge to acquit if whisky was manufactured for medicinal purpose held without error.**

In absence of evidence that defendant manufactured whisky for medicinal purpose, there was no error in refusing special charge to acquit if it was manufactured for such purpose.

7. **Criminal law ⬅814(15)—Refusal to submit proposition that witness was accomplice held without error.**

In absence of testimony that state witness was accomplice, there was no error in refusal to submit to jury proposition that he was accomplice.

On Motion for Rehearing.

8. **Criminal law ⬅603(11)—Requirement of diligence in procuring witness stated.**

One seeking to show diligence in procuring witness must show prompt issuance of process, what was done with it, to whom and when delivered, and by definite and exact averments discharge burden placed on him.

9. **Criminal law ⬅598(6)—Confinement in jail no excuse for failure to make prompt effort to secure process.**

That accused is in jail is no excuse for failure to make prompt effort to procure issuance of process.

Appeal from District Court, Randall County; Henry S. Bishop, Judge.

A. F. Bohne was convicted of manufacturing intoxicating liquors, and he appeals. Affirmed.

Underwood, Jackson & Johnson, of Amarillo, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Appellant was convicted in the district court of Randall county of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

Appellant lived in Randall county, and the principal state witness seems to have been his hired man. The testimony need not be set out at length, but was ample to support the judgment of conviction.

We have examined each bill of exceptions, but will discuss only those that are briefed, as we deem nothing of importance to be presented in the others.

[1] Complaint is first made of the refusal of a continuance. Appellant was arrested on March 1st and tried on March 6th. No process was asked for or issued till March 5th. This was not diligence. The motion for new trial, based in part on the refusal of the continuance, was not accompanied by any affidavit of the absent witness, though he lived in the county, showing that he would have given the expected testimony. The motion for new trial was not overruled until a sufficient length of time apparently to have enabled the accused to obtain such affidavit. The trial court was justified in concluding that the absent witness would not have given the testimony stated, if present. In addition to this proposition, a number of witnesses swore to facts strongly showing guilt, and the testimony of the absent witness apparently went only to contradict one of the witnesses to such facts. Without the testimony of this state witness, whose statements might appear contrary to those of the absent witness, the case made by the state sufficiently showed guilt. In our view the error, if any, of the refusal of the continuance would have been immaterial.

[2, 3] Henry Stem was allowed over objection to testify that he had seen whisky

at appellant's place, and also that the accused made alcohol there. The objection was based on the proposition that the witness was not an expert, and that it was not shown that he knew what whisky was. The complaint is not borne out by any facts stated in the bill of exceptions. Bill No. 9 relating to this objection is in question and answer form and cannot be considered, and bills Nos. 1 and 2, also on the same point, contain no such allegation of fact as informed the trial court or this one that such objections were true and in accord with the facts. The witness disclosed a familiarity with whisky and testified that appellant told him that some of the liquor he was making was alcohol.

[4] Testimony that the appellant, charged with manufacturing liquor, also sold some of it for beverage purposes at or about the time of the making, would be admissible and have more or less weight as showing the unlawful purpose of such manufacture. The sale of quantities of liquor by a person accused of manufacturing same might have probative force as tending to show its manufacture.

[5, 6] No duty rests upon a trial judge to submit an issue unless there be some substantial testimony upon which same might be founded. Appellant did not take the stand and testify. It is in testimony that at one run he filled four jugs with whisky, one containing seven gallons and another five. He also made other runs, and is shown to have sold liquor to a number of persons. A defense witness, who said he was at appellant's place in August and drank whisky with appellant out of a bottle, gave testimony to the effect that appellant told him that a doctor up north said he was supposed to need a certain amount of "toxicating" for internal use; also, this witness said appellant told him his father had sent him some herbs and that he had to have some whisky to put these herbs in to make bitters for his stomach. This witness also swore that appellant told him he did not have any whisky then, but was going to make some to be used in connection with these herbs to make bitters. This was the same witness who testified that he drank whisky with appellant at the time of his visit. A number of other witnesses testified relative to the appellant's manufacture of liquor and to conversations had with him, and none of them suggest that appellant was making whisky for medicinal purposes. The sheriff of the county found at appellant's home a still and a number of containers, many of which had small quantities of whisky in them and others smelled of whisky. Paul Lawson testified that he saw a barrel of mash at appellant's house, and that the latter wanted to sell him whisky at $15 per gallon. The witness McIlroy was at appellant's house in September when appellant drew some liquor from a barrel and gave it to witness, who drank it and said it was whisky. This witness swore that appellant drew from a barrel about a half gallon of whisky at the time. In this condition of the record we do not think it erroneous for the court to refuse to submit a special charge instructing an acquittal if the whisky was made for medicinal purposes. As indicated, the only thing in the record remotely suggesting said purpose was the nebulous statement made by a defense witness that some months prior to the making of the large quantity of liquor testified to by the state witnesses, appellant had had the conversation above detailed with reference to making some liquor to put herbs in to make bitters. There is not a word of testimony in the record that the liquor made by appellant, or that sold by him, or that given by him to other parties, was made for medicinal purposes.

[7] Bill of exceptions No. 10 is in question and answer form and cannot be considered by us. Nor do we think it error for the court to decline to submit to the jury the proposition that the witness McIlroy was an accomplice. We fail to find any facts in testimony which would indicate that such was the case.

We have examined the argument of the district attorney complained of, but do not think it inflammatory or abusive. Nor are we able to agree that the supplemental charge given by the court in response to a request by the jury in writing was erroneous.

Finding no error in the record, the judgment will be affirmed.

### On Motion for Rehearing.

[8] Referring to the matter of continuance discussed in our original opinion, attention is called to the fact that numerous authorities are collated on pages 307–309 of Vernon's Annotated C. C. P. in which it is clearly stated that one who seeks to show himself to have used diligence in his effort to procure witnesses must show, not only that he issued process promptly, but what was done with it; to whom and when it was delivered; and by definite and exact averments discharge the burden placed upon him in this regard. That the accused is in jail is no excuse for a failure to make prompt effort to procure the issuance of process.

[9] It is the statutory rule that the materiality and probable truth of absent testimony for which a continuance is asked will be scrutinized and passed upon by the trial court after conviction in considering the motion for new trial. In the case before us the state's principal witness was one Stem, who was the hired man of appellant, and testified fully and in detail to the making of liquor by appellant. The witness McIlroy was only one of five witnesses introduced in corroboration of the accomplice Stem. It

was alleged that the liquor was made in November, 1922. McIlroy's testimony only went to show he was at the home of appellant in September of said year, at which time appellant gave him a drink of whisky and had a still in operation. As we view the statement in the application for continuance of the testimony of the absent witness, it went substantially no further than to say that this testimony would contradict that of McIlroy. As said by us in our original opinion, the testimony of McIlroy might be entirely discarded and the judgment and verdict fully sustained. The punishment fixed by the jury was the minimum. In addition · to the testimony of Stem detailing the making of the whisky by appellant, the state showed by the sheriff ·that early in November he went to appellant's home during his absence and found in a locked room in the northwest part of the house various parts of a still and in a barrel found several inches of a mixture which smelled like mash, found a worm hanging in a tree from which, upon testing same, ran a liquor which smelled like whisky, found a large glass jug containing a couple of tablespoonfuls of whisky, and a large number of other jugs and bottles, which evidenced the same odor. Witness had previously talked seriously with appellant about making whisky and had seen a barrel of mash on his premises which appellant said he was feeding to his hogs. Witness examined the hogpen for signs where mash had been fed, but failed to find same. Mr. Fry testified substantially as did the sheriff, saying that there were at least a dozen and a half jugs and bottles, many of which he smelled and found same to retain the odor of whisky. These were found on the occasion of his visit to appellant's premises with the sheriff. He said that on a former visit to appellant's premises he found a bottle of whisky in appellant's bed which the latter said he found in the road. Lawson testified that earlier in 1922 he was at appellant's premises and saw a 50-gallon barrel nearly full of something white which appellant stirred with a fork handle and said it was not working. Either on this occasion or another, appellant offered to sell him whisky at $15 a gallon.

This testimony, which developed on the trial, was for the consideration of the trial judge in connection with the motion for new trial, and we do not think he abused his discretion in concluding that the evidence of the absent witness was not material and probably not true, and that if it had been present it would not have changed the result of the trial. We see no reason for changing our views as expressed in the original opinion in regard to the proposition of making whisky for medicinal purposes. Appellant did not testify to and set up any such claim, nor did any other witness give evidence which called for the submission of the issue.

The motion for rehearing will be overruled.