## JACK CORLEY v. THE STATE.

No. 14795.   Delivered June 8, 1932.
Rehearing Denied October 12, 1932.
Reported in 53 S. W. (2d) 46.

The opinion states the case.

*Bishop & Holland,* of Athens, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor; the punishment being one year in the penitentiary.

The main contention is that the evidence does not support the verdict and judgment. For this reason we are at some pains to set out the evidence in detail. The state used only two witnesses, Ball and Sweeten. We conclude that Ball must have been under indictment for the same offense as appellant. They were arrested at the same time and the trial judge charged that Ball was an accomplice witness. Sweeten was a deputy constable. He had information that a Chevrolet car had been stolen, and had the numbers on it. On the night appellant and Ball were arrested Sweeten was on the road about two and one-half miles from Athens when he saw two cars coming toward him. They were running slowly when he first saw them, and then stopped. It was a minute and a half or two minutes from the time they stopped until Sweeten got to them and stopped his car. One of the cars was a Chevrolet, and witness stopped to examine the numbers and make some inquiry

about it. The other was a Ford car. When Sweeten got to them a man whom the witness did not know was down on his knees looking under the Ford, and, in response to a question from Sweeten as to what the trouble was, said his radiator had been leaking. He then got in the Ford and drove away. Sweeten approached the Chevrolet car, and, in answer to his inquiry, the parties in it told him their names and where they lived. They were Ball and appellant. Ball was under the steering wheel, and appellant was sitting on the right side. Sweeten glanced in the back of the car and discovered some whisky in cartons. Between appellant's feet was a half-gallon jar with a little more than a quart of whisky in it. Altogether there were five and one-half gallons of whisky in the car. Sweeten said he detected the smell of whisky on appellant's breath, but that Ball did not appear to have been drinking. If any conversation occurred between the officer and appellant or Ball regarding the whisky or where they got it, the record does not show it. Ball was a brother-in-law of appellant. Ball testified that he had been with appellant from 11 or 12 o'clock up until about 9 o'clock that night, when the arrest took place; that he met appellant in Brownsboro and appellant said: "Let's ride around a little"; that they got in appellant's car and drove down below Palestine about seven or eight miles; that after they "got down there he stopped over there at a house. I got out and went to get a drink of water. He talked to this fellow a little bit and we turned around and come back"; that they left there about 3:30 o'clock; that a few minutes before they were arrested appellant said he wanted to see "this fellow"—presumably referring to the man in the Ford car—that witness got out and walked around their car and got in under the steering wheel; that appellant was talking to "this fellow"; that the officer arrived on the scene about that time and the fellow got in his car and left. Ball said they did not stop between Brownsboro and the point they went to below Palestine, nor between that point and where they were arrested. Although the state put Ball on the witness stand he never mentioned "whisky" during the whole of his testimony, nor does it appear that he was asked how or when the whisky got in the car, whether they left Brownsboro with it, whether they got it below Palestine, or at the point where the arrest occurred; neither was he asked if he knew what appellant's business or conversation was with the party below Palestine, nor with the man present where they stopped on the road just before the officer came up. Appellant did not testify.

As supporting appellant's claim that the evidence is not sufficient to support a conviction for transporting the whisky reliance is had on West v. State, 93 Texas Crim. Rep., 370, 248 S. W., 371; Walling v. State, 94 Texas Crim. Rep., 147, 250 S. W., 167; Coburn v. State, 96 Texas Crim. Rep., 25, 255 S. W., 613; Conner v. State, 118 Texas Crim. Rep., 230, 38 S. W. (2d) 84. It would extend this opinion unnecessarily to

here point out the facts which distinguish those cases from the present one. Appellant's contention seems to be that it was possible the whisky might have been transferred from the Ford car to appellant's car at the place of arrest, and if so, there would have been no transportation on appellant's part. It is sufficient answer to such contention to say that the officer's testimony practically excluded the idea that the whisky found in appellant's car was obtained at the place where the arrest occurred. The circumstances rather cogently support the conclusion that it was in appellant's car as he was seen by the officer driving along the road. Appellant requested the court to instruct the jury that there was no evidence showing that he had transported whisky, and to return a verdict of "not guilty." Such instruction was properly refused.

Appellant requested the court to instruct the jury if they believed, or entertained a reasonable doubt, that the whisky was placed in appellant's automobile at the place where the arrest took place, they would find appellant not guilty. Appellant complains that the refusal of this charge was error. There was no affirmative testimony raising the issue sought to be presented in the requested charge. Although Ball, who was appellant's companion on the trip which culminated in the arrest, was a witness, it was not developed from him that the whisky found in appellant's car was transferred from the Ford car at the place of the arrest. This might easily have been shown. Neither did appellant testify that such was a fact. It occurs to us that the requested charge is based wholly upon a surmise that the transfer of the liquor might have been made from one car to the other at such place; rather than upon any tangible evidence that it did so occur. With the dearth of testimony found in the record upon the point at issue we are not prepared to say that the requested charge contained a correct proposition of law. If the transfer of the whisky was made from the Ford car to appellant's car about the time of the arrest, it was not in contemplation of appellant that his car would remain on the road; but that it would proceed to its destination. As to whether it could properly be held that a transfer of the liquor from the Ford car to appellant's car, if it occurred, was a beginning, or a continuation of the transportation of liquor on appellant's part would depend upon his previous relation, if any, with the movement of the liquor in the Ford car, and his connection with the transfer of it from that car to his own. The record is silent upon all of these points, and we think, under the circumstances, the court was warranted in refusing the charge requested.

The following special charge was requested by appellant and refused: "You are instructed that the testimony of the witness Shirley Ball to the effect that he and the defendant went in an automobile to a place South of Palestine and returned, can and must not be considered by you for any purpose, it being shown that said Ball is an accomplice and there

being no testimony to corroborate him as to whether he and the defendant went to and returned from a place South of Palestine."

We are cited to no authority by appellant supporting the proposition contained in the refused charge, and are aware of none. Witness Ball was treated as an accomplice witness and an instruction given that a conviction could not be had upon his testimony unless corroborated as required by the law. Thus appellant appears to have been given the benefit of all he was entitled to with reference to a direction from the court as to how Ball's testimony should be regarded.

Finding no error in the record the judgment is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The facts of this case are short and without contradiction. Appellant and one Ball were in a car. At some distance in front of them, but how far is not shown, was another car going in the same direction as the car of appellant. The two cars were met by an officer who testified that he got to the cars within "a minute or two" from the time he sighted them. Both cars had stopped. The man in the front car was down on his knees looking under his car when the officer drove up. The man said his radiator was leaking. No one else was out on the ground. The appellant and Ball were in their car. Not a word of testimony suggested that anyone was moving anything from one car to the other. The officer said there were two cases of whisky in the back of appellant's car, one of them full and the other not full. Appellant did not testify but introduced a doctor who testified that the wife of appellant was using whisky upon his advice for various ailments. Said wife also swore that she used whisky for medicinal purposes on the advice of a doctor. The court submitted to the jury the defensive theory that if appellant had the whisky or was transporting it for medicinal use for his wife, the jury should acquit.

On this rehearing the only contention is that the court erred in refusing to submit to the jury the theory that the whisky was placed in the car of appellant after it stopped and before the officer got there, and that there was, if this be true, no transportation. We might add that the man in the car with appellant testified and did not make any sort of claim that the whisky was put in the car while it was stopped at said place. He said their car had been stopped about a minute when the officer came up.

It is a well-settled principle of law that the charge need not submit to the jury issues not supported by testimony. Smith v. State, 79 Texas Crim. Rep., 468, 185 S. W., 576; Stephens v. State, 80 Texas Crim. Rep., 74, 188 S. W., 976; Merritt v. State, 85 Texas Crim. Rep., 565, 213 S. W., 941; Green v. State, 84 Texas Crim. Rep., 162, 205

S. W., 988; Barrett v. State, 86 Texas Crim. Rep., 101, 215 S. W., 858; Rodriguez v. State, 89 Texas Crim. Rep., 373, 232 S. W., 512; Grissom v. State, 87 Texas Crim. Rep., 465, 222 S. W., 237; Bohne v. State, 98 Texas Crim. Rep., 388 265 S. W., 1031. There was no error committed by the trial court in failing or in refusing to submit the issue referred to. There was no evidence calling for its submission.

The motion for rehearing will be overruled.

*Overruled.*