## A. P. WEST v. THE STATE.

No. 7074.   Decided January 10, 1923.

Rehearing Denied March 7, 1923.

**1.—Transporting Intoxicating Liquor—Insufficiency of the Evidence—Words and Phrases.**

Whatever the word "transport" or "transporting" as found in the statute may comprehend, it is conceived that any definition would embrace the movement of the liquor by the accused, either on his person or in some vehicle under his control, and where the defendant in the instant case is apparently convicted without adequate proof of this essential element of the offense, the same is reversible error.

**2.—Same—Rehearing—Practice on Appeal.**

After again considering the facts in the instant case, this court is unable to reach a different conclusion from that expressed in the original opinion.

Appeal from the District Court of Bastrop.   Tried below before the Honorable R. J. Alexander.

Appeal from a conviction of transporting intoxicating liquors; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*A. M. Felts,* for appellant.

*R. G. Storey,* Assistant Attorney General, and *R. W. Mayfield,* District Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

Appellant and a negro were arrested about ten o'clock at night, and at the same time, the officer making the arrest took possession of a suitcase containing a quantit yof whisky.   At the time of the arrest, they were near a store which the officer called a "commissary" in a village in Bastrop County, and the suit-case was on the gallery in front of the store.   Sometime before the arrest, the officer had passed the place and had observed no one present.   Later he saw the appellant (a white man) and a negro with a suit-case sitting between them.   He went to the telephone and on his return, the parties had started away, and they had gone a few steps when he arrested them.

In addition to the whisky which was contained in the suit-case, the appellant had a bottle in his pocket.   Sometime during the day previous to the arrest, the negro had approached the officer and sought permission to sell whisky.   The officer had acquiesced and had bought a quart of whisky from the negro, agreeing to pay him eight dollars for it.   This

procedure, according to the officer, was for the purpose of detection. Before buying the whisky, the negro had given the officer a drink.

At the time of these transactions, the appellant and the negro were not together. Later the negro stated to the officer that the white man wanted his money for the whisky, and the officer later saw the white man and the negro knock at his, the officer's, door.

In the conversation between the officer and the negro, the appellant was not named, nor was he described other than that the negro said that he and a white man had some whisky that they wanted to sell, and later that the white man wanted his money. The officer said categorically that he did not see the appellant move the whisky at all, and that he could not say whether the bottle which was on the appellant's person was gotten from the negro or elsewhere.

The two Mexicans who assisted in making the arrest testified that it was made on the porch of the commissary; that the white man was lying down with his head on the suit-case, and that the suit-case contained several bottles of whisky.

Whatever the word "transport" or "transporting" as found in the statute may comprehend, it is conceived that any definition would embrace the movement of the liquor by the accused, either on his person or in some vehicle under his control. The appellant in the instant case is apparently convicted without adequate proof of this essential element of the offense. There is no direct proof that he moved the suit-case, and in fact, there is no direct testimony that he owned it. It is only by circumstances that his possession or his interest in it is revealed. The transactions of the officer were with the negro, and it is upon the negro's declaration, made to the officer, that reliance is had to connect the appellant with the ownership of the whisky. From whence the whisky came and to whom the suit-case had previously belonged, the record is silent. The circumstances point with cogency to the negro as the owner of the whisky and possibly in connection with his declaration to the officer the inference may be drawn that he brought it to the place where it was found.

We fail to discern in the record, however, testimony which would show, beyond a reasonable doubt, that the appellant had personally handled the suit-case at all, nor do we deem the circumstances of sufficient cogency to show that in the matter of transporting the liquor, he and the negro acted together. We believe that the evidence upon which the conviction rests is not sufficient to overcome the presumption of innocence.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

March 7, 1923.

MORROW, PRESIDING JUDGE.—State's counsel insist that though the

evidence may not be adequate to show that appellant transported the suit-case containing the whisky, it is sufficient to support the theory that he transported the quart of whisky which was found in his pocket. The negro from whom the officer had bought some whisky was seen on the gallery of what is called the "Commissary" and a white man was with him. The suit-case was on the gallery. The evidence is silent touching any removal of the suit-case which contained several bottles of whisky.

The State relies upon the declaration of the witness Garza that:

"We got a suit-case containing several bottles of whisky from them, and one bottle out of the white man's pocket. . . . They were near the porch of the Commissary when we arrested them;" and upon the testimony of Soto, the officer who made the arrest that; ". . . the defendant and the negro, Jesse Gardley had started away and had only gone a short distance. I followed them and arrested them, I took from them the suit case which contained ten bottles of corn whisky, and the white man had one bottle of corn whisky in his pocket."

The witness testified further:

"I simply arrested him and found the whisky on him, but can't say where nor when he got it, and can't say whether he got it from the negro on the commissary gallery or not, *and can't say he moved the whisky any distance whatever.*"

Neither of the witnesses explained what they meant by a short distance, nor did they make it plain that the suit-case was moved at all, and from the state of the record, we are unable to reach a different conclusion from that expressed in the original opinion. The motion is overruled.

*Overruled.*