WILL COBURN v. THE STATE.

No. 7691.   Decided October 31, 1923.

Rehearing denied November 21, 1923.

1.—Selling Intoxicating Liquor—Res Gestae.

The defendant's declaration, when the sheriff inquired of him whose whisky it was when he found it in the car, "It is mine," when he arrested him, was *res gestae* of the transaction and admissible in evidence. Following Bell v. State, 92 Texas Crim. Rep., 342, and other cases.

2.—Same—Requested Charge—Words and Phrases.

Where the latter paragraph of the court's main charge was almost an exact copy of the requested charge, with the exception that the words "directly or indirectly" are substituted for that of "actually," in the requested charge, there is no reversible error.

3.—Same—Fact of Transportation.

The fact that the automobile containing the whisky did not move from in front of the store from the time the sheriff saw it stop until after the whisky was discovered in it, and the facts showed that it was transported to that place, it would be sufficient to show a violation of the law, and it was not necessary that the whisky be carried away from that point, or that it reached the final point of destination. Following Maynard v. State, 249 S. W. Rep., 473. Distinguishing West v. State, 248 S. W. Rep., 371.

Appeal from the District Court of Houston.   Tried below before the Honorable W. R. Bishop.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Adams & Adams* for appellant.   Cited, cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, Judge.—Appellant was convicted for unlawfully transporting intoxicating liquor and sentenced to one year in the penitentiary.

Only one witness was used in the case. Sheriff O. B. Hale testified that on August 12th he was watching a car said to belong to Wes Ashmore; that appellant and Ashmore were riding in the car on this particular day; that he had seen them on several different occasions riding in this same car; that on the day of the arrest he saw them driving through the square together several times and that finally they drove up in front of a store; that he saw them when they drove up to the store and saw them get out and go in; that he immediately walked to the car and when he reached it appellant was coming out of the store with a box in his arms which contained groceries; that witness then went to the car and looked under the back seat where he found two bottles of whisky and one empty bottle; that when he found the whisky he asked: "Whose whisky is this?" and appellant replied: "It is mine;" that he then took both appellant and Ashmore to jail; that he said nothing about arresting them until he had found the whisky and appellant had admitted it belonged to him, but that he did not intend to let them leave if he could help it. No evidence was introduced on behalf of appellant whatever.

It is contended that the court erred in permitting the sheriff to testify that when he inquired whose whisky it was appellant replied "It is mine," on the ground that appellant was under arrest and this statement was therefore inadmissible. It may be seriously questioned whether the facts show that appellant was under arrest at the time the statement was made, but if so, the testimony was admissible as *res gestae* of the transaction. Bell v. State, 92 Texas Crim. Rep., 342, 243 S. W. Rep., 1095; Broz v. State, 93 Texas Crim. Rep., 137; 245 S. W. 707; Boortz v. State (No. 7598, opinion October 24, 1923); Hill v. State (No. 7484, opinion October 24, 1923.)

Complaint is made that the court failed to give a requested charge that:

"In order to convict the defendant in this case the state must prove beyond a reasonable doubt that defendant actually transported intoxicating liquor."

This special charge seems to have been sufficiently covered in the charge given. The learned trial judge not only told the jury that they must find from the evidence beyond a reasonable doubt that appellant "did transport intoxicating liquor as alleged in the indictment" before they could find him guilty, but later on in the charge we find another paragraph reading: "Before you can convict the defendant in this case you must believe from the evidence beyond a reasonable doubt that he either directly or indirectly transported intoxicating liquor as charged in the indictment."

This latter paragraph of the charge appears to be almost an exact copy of the charge requested by appellant with the exception that the words "directly or indirectly" are substituted for that of "actually" in the requested charge. It seems to be contended by appellant that because the whisky was found in the automobile which had not been moved from in front of the store, and because no one saw the whisky placed in the car, and because it was not shown who did so place it there, that the evidence is not sufficient to show an actual transportation of liquor by appellant and that the conviction should not be sustained upon the facts. We are not able to grasp the significance of the fact that the automobile did not move from in front of the store from the time the sheriff saw it stop until after the whisky was discovered in it. It was not necessary that the whisky be carried away from that point. If the evidence shows it was transported to that place it would be sufficient to show a violation of the law. The evidence makes it apparent that no one had an opportunity to place the whisky in the car after it stopped in front of the store because the sheriff saw appellant and Ashmore go into the store and he immediately went to the car. The evidence is clear that the whisky was brought in that car from some other place and the offense of transporting was therefore shown to be complete. It would be immaterial that the place of its discovery might not have been the final point of destination. Maynard v. State, 93 Texas Crim. Rep. 580. It was on its way, and a temporary break in the journey at the store would not affect the question. Appellant claimed the whisky as his upon discovery by the officer and while the car appears to have belonged to Ashmore, yet appellant evidently knew it was in the car and was a party to its transportation. We cannot agree with the contention of appellant that the facts in the West case, 93 Texas Crim. Rep. 370, make a precedent demanding the reversal of the one now under consideration. A suit case containing whisky figured in the West case and there was no evidence showing how it arrived at the place where it was found or whether appellant had any connection with the transportation of it to that point or not. The only whisky which appears to have been moved at all as indicated in that opinion was a bottle upon West's person and from the facts in that case he had only moved a few steps from where the suit case was on the porch to where he was apprehended by the officers. There is no evidence in the record in this case raising an issue that appellant had the whisky for one of the excepted purposes, and in our opinion the facts recited by the officer are sufficient to support the conviction.

The judgment is therefore affirmed.

*Affirmed.*

ON REHEARING.

November 7, 1923.

MORROW, PRESIDING JUDGE.—The circumstances lead to the conclusion that the two quarts of whisky were in the automobile when it was brought by appellant and his companion to the place of arrest, and are sufficient to exclude any other theory arising from the evidence. Appellant's knowledge that the whisky was in the car is shown by his *res gestae* declaration of ownership. The facts distinguish it from the case of West v. State, 93 Texas Crim. Rep., 370, 248 S. W. Rep., 371. No evidence showed the movement of the suit case by West or his companion. So far as the transportation of the suit case, the evidence is not dissimilar from Dean's case, 90 Texas Crim. Rep., 132. The evidence was held inadequate to show that West made any movement of the bottle of liquor found in his possession, and such movement was suggested by the term "a short distance" used by one of the witnesses rendered the case analogous to that of Warren v. State, 94 Texas Crim. Rep., 243, 250 S. W. Rep., 429 in which it was held that the facts did not bring the transaction within the provision of the statute forbidding transportation.

The motion is overruled.

*Overruled.*