Aaron Hill v. The State.

No. 7949.   Decided December 12, 1923.

Rehearing denied January 16, 1924.

1.—Transporting Equipment for Making Intoxicating Liquor—Evidence.

Where, upon trial of transporting equipment for making intoxicating liquor, the State introduced testimony that defendant and companion were found carrying between the two of them a copper pot, a monkey wrench, a six-shooter, etc., an objection to that part that defendant had a pistol was correctly overruled as this was res gestae.

2.—Same—Evidence—Opinion of Witness.

The witnesses who testified that they had examined many stills and seen much mash, etc., could give their opinion that the equipment found in possession of the appellant and his companion was sufficient to make liquor with.

3.—Same—Evidence—Declarations of Defendant.

There was no error in permitting the State to prove that after the arrest of appellant, when the officer told him that he was willing to go with him down to where he claimed a white man had given him the equip-

ment and catch him, that appellant said it was no white man, which objection was that this was not rebuttal.

**4.—Same—Newly Discovered Evidence.**

There was no error in overruling defendant's motion for new trial on the ground of newly discovered evidence, which consisted of testimo..y which he expected to obtain from witnesses who had already testified in this case. Following Williams v. State, 34 S. W. Rep., 271.

**5.—Same—Rehearing—Arrest of Judgment—Motion for New Trial.**

Where the motion for rehearing was based altogether' on the proposition that the Trial Court erred in overruling a motion in arrest of judgment, but the record showed that the first attack upon the indictment was made as a part of an amended motion for new trial, filed more than ten days after conviction, and assigning no reason why a proper motion in arrest of judgment had not been sooner filed the matter came too late and cannot be considered by this Court.

Appeal from the District Court of Bowie. Tried below before the Honorable Hugh Carney.

Appeal from a conviction of transporting equipment for making intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Johnson & Waters,* for appellant. On question of carrying pistol Bowman v. State, 155 S. W. Rep., 939; People v. Smilie, 103 N. Y. S., 348.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Bowie County of transporting equipment for making liquor, and his punishment fixed at one year in the penitentiary.

The statement of facts is short and from it we gather than on the occasion in question appellant and a negro named Johnson were found carrying between the two of them a copper pot, a monkey wrench, a six-shooter, a keg with a worm in it and some jugs. The two men were traveling together. There was testimony that the outfit was sufficient to make liquor. Following the arrest a search of Johnson's place revealed a quantity of mash apparently in a condition to be converted into whisky.

Appellant excepted to the testimony of the fact that he had on his person a pistol. Many cases are cited in Mr. Branch's Annotated P. C., Sec. 166, relative to the admissibility of testimony of extraneous offenses which are res gestae of the offense on trial. Appellant was carrying part of the equipment for making liquor at the time he was found carrying a pistol. We think both facts admissible

in developing the res gestae of the offense charged herein. It was permissible to ask witnesses if the equipment found in possession of the two men was sufficient to manufacture liquor.

We think there was nothing in appellant's contention that the indictment should have alleged that appellant was transporting equipment for the purpose of engaging in the manufacture of liquor or for the purpose of making liquor. We regard the finding of mash on the premises of one of the parties engaged in the transportation of the equipment as a pertinent circumstance, as was also the fact that said mash was in condition ready to be converted into liquor. We would not deem it error for the State to have been permitted to ask a witness if the equipment found in possession of the appellant and his companion, was sufficient to make liquor with. The expressions of witnesses who had examined many stills and seen much mash that the equipment found in possession of appellant and his companion was sufficient to manufacture liquor with, and that the mash found on the premises of one of them was such mash as could be used in the manufacture of liquor, was not erroneous.

An objection that the State was allowed to prove that after the arrest of appellant when the officer told him that he was willing to go with him down to where appellant claimed a white man had given him the equipment and catch him,—that appellant said it was no white man, which objection was that this was not in rebuttal, does not seem to us to possess merit, there being other testimony showing that when first arrested appellant claimed that a white man had given him the equipment to carry for him.

Appellant sought a new trial on the ground of newly discovered evidence, said evidence consisting of testimony which he expected to obtain from witnesses who had already testified in this case. In Williams v. State, 34 S. W. Rep., 271, this court held that testimony of parties who had already testified on the trial of the accused, could not be considered as newly discovered evidence.

What we have just said substantially disposes of all the contentions made by appellant, and being unable to agree with any of them, an affirmance will be ordered.

*Affirmed.*

ON REHEARING.

January 16, 1924.

LATTIMORE, Judge.—Appellant made no motion to quash the indictment herein. After conviction he made a motion for new trial on February 27th couched in the most general terms and making no attack upon the indictment at all. On March 9th following appellant filed an amended motion for new trial at the end of which appears a complaint that the allegation in the indictment referred to

"a pot or boiler" and that this is an alternative pleading. The motion for rehearing herein is based altogether on the proposition that the court erred in overruling a motion in arrest of judgment based on the ground of said alternative pleading referred to. We do not think the matter complained of constitutes proper ground for objection to the indictment. Thomas v. State, 18 Texas Crim. App., 213, which expressly differentiates two of the cases cited by appellant. Hofheintz v. State, 45 Texas Crim. Rep., 117; Figueroa v. State, 71 Texas Crim. Rep., 371; White v. State, 70 Texas Crim. Rep., 285. The statute requires a motion in arrest of judgment to be filed within two days after conviction, (Art. 848, Vernon's C. C. P.) The first attack upon the indictment was made as part of an amended motion for new trial filed more than ten days after conviction and assigning no reason why a proper motion in arrest of judgment had not been sooner filed. Manifestly this came too late.

The motion for rehearing will be overruled.

*Overruled.*