## George Qualls v. The State.

### No. 8252.   Decided May 7, 1924.

**1.—Transporting Intoxicating Liquor—Declaration by Defendant—Confession —Res Gestae.**

Where it appeared plain that the statement of the defendant at the time he was accosted by the officers and began to beg to be released, etc., was a part of the *res gestae*, and he was in the act of transporting the liquor, there was no error in admitting same.   Following:   Broz v. State, 93 Texas Crim. Rep., 137, and other cases.

**2.—Same—Evidence—Acts of Third Party.**

If it be true that defendant had been actually bidden by some white man to transport liquor in so many words and had done so, this would not excuse or justify such transportation and testimony that appellant was an ignorant negro accustomed to do the bidding of white men, etc., was properly rejected.

Appeal from the District Court of Polk.   Tried below before the Honorable J. L. Manry.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Campbell & Murphy,* for appellant.—On question of admitting declarations of defendant: Clark v. State, 207 S. W. Rep., 98; Hillard v. State, 222 id., 553; Parhand v. State, 222 id., 561; Dodd v. State, 198 id., 783.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Polk County of transporting intoxicating liquor, and his punishment fixed at one year in the penitentiary.

Appellant came riding along a public road in Polk County on the night in question and when stopped by officers he was found to have four quarts of whisky about his saddle, one in a morral and three in a sack tied on behind the saddle, two in one end and one in the other.   As soon as he was halted and discovered that the party were officers he began to beg to be released, said that he was not a bootlegger, that he was carrying one quart for the superintendent of the mill, one for a man at the market, and one for another party; that he would not do it again; that he did not know it was any harm, etc., that he got it from Henry Templeton.   Complaint of the reception of this evidence appears in several bills of exception, the ground be-

ing that it was a verbal statement made by him in the nature of a confession and was without warning. It appears plain that said statements were a part of the res gestae. Appellant was in the act of transporting the liquor and made the statements at once upon being discovered in said act. Broz v. State, 93 Texas Crim. Rep., 137; Copeland v. State, 94 Texas Crim. Rep., 112.

Complaint is also made in three bills of exceptions of the court's refusal to allow the testimony of a witness to the fact that appellant was an ignorant negro accustomed to do the bidding of white men, etc. This was offered as corroborative of appellant's testimony to the effect that Mr. Wigley, a detective, gave him a letter on the day of his arrest and told him to take it to Henry Templeton and that in accordance with said request he took it to Templeton, who told him to take it on down to the ferry. He said he went to the ferry and found there a group of fifteen or sixteen year old boys and that he asked them if any man had sent them a letter and one of the boys asked him if it was a man with a leather vest on and army clothes and he said yes, and that thereupon he handed the letter to this boy who read it and went away and came back in about ten or fifteen minutes with something in a sack which he tied on appellant's saddle and which was the whisky in question. On cross-examination appellant admitted that he honestly believed the contents of the sack to be whisky at the time of his transportation of it. He also testified that while he did not know the boy who tied the sack on his saddle, he believed he could pick him out. Appellant apparently was on bond at and before the time of the trial and was ably defended. No effort appears in the record to obtain the testimony of Henry Templeton or to locate or obtain the testimony of the boy whom appellant claimed tied the liquor on his saddle. If appellant had been actually bidden by some white man to transport liquor in so many words and had done so, this would not excuse or justify such transportation. We think the evidence properly rejected as immaterial.

Finding no error in the record, an affirmance will be ordered.

*Affirmed.*