ON MOTION EOR REHEARING.
 

 HAWKINS, Judge.
 

 In his motion for rehearing, appellant lays great stress upon the statement in our former opinion that, “The evidence upon this subject, however, is wholly circumstantial and of an inconclusive nature.” It is apparent from the context that what the writer meant was that the evidence that appellant and his companion had more than, or as much as, a quart of liquor was circumstantial and inconclusive. The different views entertained by the members of this court as reflected by the opinions in Gandy’s ease (No. 7579) applied also in the present ease, but the writer of the original opinion in this ease never meant to leave the impression that the evidence failed to show the transportation of less than a quart of whiskey thus meeting the views of a majority of the court.
 

 After being seen with some liquor at a point five miles from Bastrop appellant and his companion are next seen in the latter place. They were traveling in an automobile. Appellant was intoxicated. A witness who saw them get out of the car and go to the restaurant says one of them had something under his arm. Another witness says they brought whiskey into the restaurant with them, drank of it while there, and took it with them when they left. They went direct from the restaurant to the car and were arrested before they got the car running. In it was a fruit jar then containing less than a quart of whiskey. The evidence shows that they brought some quantity of whiskey to Bastrop in the car, took it from the car to the restaurant, and from the latter place back to the car. The offense of transporting wddskey .irrespective of the amount is clearly made out. ¥e do not think the opinion in West v. State, 93 Texas Crim. Rep. 370, 248 S. W. 371, when the faets of that ease are understood, is 'in conflict with our present holding.
 

 The motion, for rehearing is overruled.
 

 Overruled.