## JOE PLUNK v. THE STATE.

### No. 8667.   Delivered Feb. 25, 1925.

### Rehearing denied June 24, 1925.

**1.—Manufacturing Intoxicating Liquor—Evidence—Statement of Accused—Res Gestae—Admissible.**

Where officers had found a still in operation on appellant's premises in charge of his little nine-year-old son, and on informing him, at his home, of this fact, he remarked, that they did not catch him there, and then said "Let the boy alone, it is mine," such declarations were *res gestae*, and properly admitted.   Following Bell v. State, 92 Tex. Crim. Rep. 342 and other cases.

**2.—Same—Charge of Court—On Principals—Properly Submitted.**

Where appellant's son was found at a still which was running, and on appellant's premises, and he had told the officers to "let the boy alone it is mine," the court properly charged the jury on the law of principals.

**3.—Same—Statements of Accused—Res Gestae—Charge of Court.**

While it is true as discussed in the Bingham case 262 S. W. 749 that as a rule where there is an issue as to whether or not accused was under arrest when statements made by him are introduced in evidence, the issue should be submitted to the jury, where the evidence is clearly *res gestae*, it being immaterial whether or not he was under arrest, it is not necessary to submit that issue to the jury.

ON REHEARING

**4.—Same—Res Gestae—What Is.**

No general rules can be enunciated as to what declarations do, or do not constitute a part of the *res gestae*. The main question is, are they relevant to and explain and illustrate the facts of the transaction in issue.   The spontaneous, unpremeditated character of the declarations, and the fact that they seem to be the natural and necessary concomitants of some relative transaction, in which their author was a participant, constitute the basis for their admission in evidence.   Underhill on Crim. Ev., 3rd Ed., Chap. 16, page 218, and page 221.

Appeal from the District Court of Van Zandt County.   Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction for unlawfully manufacturing intoxicating liquor; penalty, two years in the penitentiary.

The opinion states the case.

*Gentry & Gentry,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the district court of Van Zandt County of manufacturing intoxicating liquor, and his punishment fixed at two years in the penitentiary.

Officers went to appellant's premises early one morning armed with a search warrant and upon investigation found in a ravine about three hundred yards from appellant's house, a still in operation. There was a quantity of manufactured whiskey at the still. A small boy of appellant's was present at the time. The officers went to the house of appellant and informed him that they had found his still, and he remarked that they did not catch him there. One of the officers said that they would go back and get appellant's boy who was operating it, whereupon appellant said to them, "Let the boy alone, it is mine."

Appellant's first bill of exceptions complains of the overruling of his application for a continuance, but as qualified by the court we think no error shown.

The next complaint is of the reception on the statement of appellant above set out. It is contended in the bill that appellant was under arrest at the time. The learned trial judge states in his qualification to the bill that he is of opinion that appellant was not under arrest, but he submitted the question to the jury in the charge. Substantially the same complaint appears in bill of exceptions No. 3. In our opinion the testimony was admissible as a part of the res gestae of the transaction, and in such case it was immaterial whether the accused was under arrest or not. In Bell v. State, 92 Texas Crim. Rep. 342, a similar statement made under much the same circumstances, was held admissible. See also Coburn v. State, 96 Texas Crim. Rep. 25, where the accused made a statement, when whiskey was found in the back of a car, that it was his. See also Broz v. State, 93 Texas Crim. Rep. 137; Hill v. State, 96 Texas Crim. Rep. 364; Qualls v. State, 97 Texas Crim. Rep. 406; Calloway v. State, 244 S. W. Rep. 551.

There are several exceptions to the charge of the court. We think the facts such as called for the submission of the case to the jury upon the law of principals. The still was on appellant's place, and about three hundred yards from his dwelling; track of a sled in which water had been hauled led from appellant's well down to the still. A little boy nine or ten years of age was at the still and attending to it at the time it was discovered. He was the son of appellant. It would be so contrary to human experience to think that a mere child such as this could initiate and operate a still as to make it unbelievable. There is no suggestion that any one other than appellant was connected with the child. In the statement made to the officers, when they threatened to go and take the boy, appellant said, "Let him alone, it is mine." This fully justified the submission of the law of principals.

It is true that in the case of Bingham v. State, 262 S. W. Rep. 749, we discussed at length the rules applicable to the question of reception of statements made by the accused when under arrest and the submission of that issue to the jury. In our opinion this question passes out of the instant case because of our conclusion that the evidence was admissible as res gestae regardless of whether or not the accused was under arrest. These are the two issues briefed by the appellant, and are the only ones deemed necessary by us to discuss.

Believing the appellant has had a fair trial, and that no error appears in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant makes an able and ingenious argument against the correctness of our conclusion that his statement to officer Griggs, "Leave the boy alone, it is mine", was res gestae. We might observe in passing that our uniform holding is that if testimony be of a res gestae statement of the accused, the fact of his being under arrest would not suffice to reject it. Branch's Ann. P. C., p. 52 for authorities.

Mr. Underhill in the third edition of his valuable work on Criminal Evidence, p. 218, devotes Chap. 16 to a discussion of res gestae, and, among other things, after apparently drawing a distinction between the doctrine as applicable to a crime which consists of a single act, such as murder, rape, etc., and one which involves a continuity of acts, such as the crime before us, says: "No general rule can be enunciated as to what declarations do or do not constitute a part of the res gestae. The main question is,—are they relevant to and do they explain and illustrate the facts of the transaction in issue." Again, on page 221 of said work it is said: "The spontaneous unpremeditated character of the declarations, and the fact that they seem to be the natural and necessary concomitants of some relevant transaction in which their author was a participant, constitute the basis for their admission as evidence."

The case before us is one for making whiskey. The officers found a still in operation on appellant's premises a short distance from his house. His nine year old son was at the still and doing some things connected therewith. Sled tracks went from appellant's well to the still and a sled was found there. After finding these things the officers went to appellant's house and said, "Well, we found your still." Appellant said, "You didn't catch me down there." The officers then said they would go back and get the boy whom they had caught making it, and appellant said, "Let the boy alone; it is mine." Under the facts of this case the statement of appellant

seems natural, spontaneous, and instinctive. He was confronted with the fact that a crime was being committed on his premises and in juxtaposition to his home and that his nine-year-old boy was connected with it. He made the statement complained of. No leading 'questions were put to him, and no suggestion or threats of any character appear. He made an evasive statement, and upon the officers appearing to accept it and as they were about to start back to where they had left the boy, etc., the facts and the truth of the situation spoke through appellant and he said "Let him alone, it is mine." We see no reason to conclude our former holding in this regard in anywise erroneous.

The motion for rehearing will be overruled.

*Overruled.*