GUNBY ODNEAL v. THE STATE.

No. 8839.   Delivered April 29, 1925.

Rehearing denied June 10, 1925.

1.—Transporting Intoxicating Liquor—Evidence—Declarations of Appellant—
Res Gestae.

Where appellant on being arrested stated to the officers arresting him "You are not going to arrest Vestal are you? It is not his whisky, it is mine. He hasn't got anything to do with it" such statement was clearly *res· gestae*, and properly admitted.  Following Copeland v. State, 249 S. W. 495.

2.—Same—Accomplice—Co-transporter of Liquor—Is Not.

Under the express terms of Chap. 61 Sec. 2c Acts of 37th Legislature a co-transporter of of intoxicating liquor is not an accomplice.  The court in this case, under that statute, did not err in refusing to submit, to the jury the law of accomplice testimony with reference to the witness Vestal.  Following Bailey v. State, decided by this court March 25, 1925, not yet reported.

ON REHEARING.

3.—Same—Res Gestae—Rule Reviewed.

See this opinion on rehearing for a discussion of the rule of *res gestae* and citation of authorities in support of its application to declarations of accused when arrested for violation of our liquor laws.

Appeal from the District Court of Grayson County.  Tried below before the Hon. F. E. Wilcox, Judge.

Appeal from a conviction of transporting intoxicating liquor; penalty, two years in the penitentiary.

The opinion states the case.

*B. F. Gafford,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the district court of Grayson County for the offense of transporting intoxicating liquors and his punishment assessed at confinement in the penitentiary for a term of two years.

The State's testimony shows that the defendant was in a Ford car with one Olin Vestal and that the officers stopped the car in Grayson County and found corn whiskey, which was intoxicating, in said car.  There were about twenty half gallon fruit jars of whiskey in the car.  The State used the witness Olin Vestal and

proved by him that the whiskey belonged to this appellant and that he had bought it in Oklahoma and had brought it into Grayson County, across the Oklahoma line. · The testimony further shows that the car belonged to Olin Vestal and that he was driving the car.

Appellant's first bill of exception complains of the action of the court in permitting the State to prove that at the time appellant was arrested he (appellant) said to the officer arresting him, "You are not going to arrest Vestal, are you? It is not his whiskey; it is mine. He hasn't got anything to do with it." ·This testimony was clearly admissible as res gestæ. Copeland v. State, 249 S. W. 495.

What has just been said with reference to bill of exception No. 1 also applies to bill of exception No. 2, which raises practically the same question.

By bill of exception No. 3 complaint is made of the court's action in failing to instruct the jury that the witness Vestal is an accomplice, and in failing to give a proper charge on the theory that the said witness is an accomplice. This witness was not an accomplice, and the court did not err in failing to instruct the jury that his. testimony must be corroborated. Chapter 61, Sec. 2-C, Acts of Thirty-seventh Legislature; Bailey v. State, decided by this court March 25, 1925, not yet reported.

Under the express terms of the statute above cited, a co-transporter of intoxicating liquor is directly excluded from the terms of the statute naming those who are accomplices.

By bill of exception No. 4 appellant contends that the evidence is insufficient to sustain a conviction. We have very carefully examined the Statement of Facts, and have reached the conclusion, not only that the evidence is sufficient, but it seems to be practically undisputed that the appellant is guilty as a principal of transporting intoxicating liquor, as charged in the indictment.

Finding no error in the record, it is our opinion that the judgment should in all things be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—At the time of the arrest of the appellant there were several officers present. Appellant was traveling in a Ford automobile in company with Olin Vestal, who was driving the car. They were stopped by the officers, who, upon searching the car, found twenty half-gallon fruit jars each full of whiskey. After the arrest, the appellant and Vestal were taken to Sherman.

It appears that the officers, after observing appellant and Vestal in the car while it was driven for about half a mile, stopped the car and took from it twenty half-gallon fruit jars each full of whiskey. According to the testimony of Vestal, who testified in behalf of the State, the whiskey was purchased by the appellant and put in the car by him. The witness said:

"After the officers searched there and found the liquor, George Brinkley brought Gunby and myself to town. At that place, before we started, something was said by the defendant, Gunby Odneal, as to whose whiskey that was; this conversation occurred right there at the time when we were arrested. The defendant said: 'You are not going to arrest Vestal, are you?' and he said: 'It is not his whiskey; it is mine. He hasn't got anything to do with it.'"

The witness, George Brinkley, a deputy sheriff, testified: ·

"At the time the car was stopped and when we made this search and found the whiskey, and after I got in the car but before .the car was started, the defendant, Gunby Odneal, made the statement that the whiskey was his and we couldn't lock Olin up."

Appellant was in custody at the time the statement was made and unless his declaration became admissible under the res gestæ rule, it should not have been proved against him. If it was res gestæ of the act of transporting intoxicating liquor, it was admissible, notwithstanding he was in custody. This subject was discussed in detail and authorities cited in Calloway's case, 92 Texas Crim. Rep. 507, especially in the opinion on motion for rehearing, page 516. To that case we refer for citation of authorities touching the correctness of the announcement just made. ·

Appellant insists that since the car had been stopped and that at that moment the whiskey was not in motion, the journey was ended and that the declaration was of a past event and therefore not within the res gestæ. rule. We regard this as untenable. The journey had not been concluded. Its continuance had been prevented by the interception and arrest. The declaration was coincident with the discovery of the commission of the offense and with the arrest, and manifested a protest by the appellant against the apprehension of his companion Vestal. A discussion of the difficult question which sometimes arises in distinguishing between a declaration which is res gestæ and a confession will not be pursued further than is incident to the citation of illustrative decisions. In Bell's case, 243 S. W. Rep. 1095, upon the discovery of the still, one of the parties present said in effect: "The still belongs to us; don't arrest McMillan." In Copeland's case, 249 S. W. Rep. 495, on the trial of Jim Copeland, it was shown that he resided upon the farm owned by his brother, Drew Copeland. The premises were raided by officers and in the house of the appellant there were found a still and eight gallons of whiskey. The still was hot; the contents were bubbling.

The officers arrested Drew Copeland and one Stanley. Drew Copeland said that the still was his and that the appellant and Stanley had nothing to do with it. The rejection of this testimony was held erroneous. Because it was not received in behalf of the accused, the case was reversed.

In Coburn's case, 255 S. W. Rep. 613, the appellant and a companion drove their automobile to a store. An officer was nearby. Appellant got out of the car and went into the store. The officer went to the car and found that it contained some bottles of whiskey. The appellant was coming from the store and approached the car when the officer said that he had found some whiskey. When the officer asked: "Whose whiskey is this?" the appellant replied: "It is mine." This declaration was admitted against the accused, and on appeal was held properly received as res gestæ. Coburn was charged with transporting whiskey.

In Rayburn's case, 255 S. W. Rep. 436, the appellant, upon his arrest, requested the officers not to arrest Brown and said: "He (Brown) had nothing to do with it." This was held properly received against the appellant. The restrictive scope of the rule of res gestæ, as applied at common law and in some other jurisdictions, has been so enlarged by the early decisions in this State that citations of abstract principles are of but little value. Note of this was taken in Wharton's Crim. Ev., Vol 1, p. 491, note. Reference is also made in various numerous recent decisions of this court. See among others, Nami v. State, 97 Texas Crim. Rep. 524, particularly page 537.

In the present case, it may be observed that there was no testimony offered in behalf of the appellant. The testimony of the witness Vestal to the appellant's ownership and transportation of the whiskey was an undisputed fact. If the propriety of receiving the declaration of the appellant was questionable its hurtful effect would not be clear in view of the fact that the appellant's transportation of the whiskey was shown without contradiction by the officers who arrested him, as well as by the witness Vestal, who was the appellant's companion. The declaration proved was indicative of a generous impulse towards Vestal and added nothing to the proof of the guilt of the appellant, as that was established, as stated above, by the testimony aside from his admission.

The motion is overruled.

*Overruled.*