### J. M. FOSTER v. THE STATE.

#### No. 9267.     Delivered October 28, 1925.

1.—Transporting Intoxicating Liquor—Evidence—Declarations of Accused—Res Gestae.

Where a declaration of the accused is made at the time of his arrest in explanation of his possession of intoxicating liquor, which comes within the rule of res gestae declarations, even though favorable to himself, it

should be admitted in evidence. Underhill on Crim. Ev., 3d Ed., p. 225, Sec. 166. The rule has often been applied in this state as illustrated by many decisions collated by Mr. Branch in his Ann. P. C., Secs. 84 to 89. Recent illustrations are found in Copeland v. State, 94 Tex. Crim. Rep. 112 and other cases cited.

2.—Same—Bill of Exception—Incomplete—No Error Disclosed.

Where appellant complains of the admission of testimony to the effect that one Black was arrested while in the act of delivering a two-gallon jug of whisky in appellant's garage, a short while before his arrest in the instant case, and appellant's bill does not disclose whether or not the appellant was a party to or had knowledge of the delivery of the two gallons of whisky to his garage, we are unable to say that the admission of the testimony was error.

Appeal from the District Court of Gregg County. Tried. below before the Hon. P. O. Beard, Judge.

Appeal from a conviction for transportation of intoxicating liquor; penalty, one year in the penitentiary.

The opinion state's the case.

*Campbell & Campbell, Young & Stinchcomb,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

According to the State's evidence, King, the Sheriff of Gregg County, while watching the premises of the appellant at night, discovered an automobile at the northwest corner of the cemetery which was nearby. Appellant and his wife were observed going to the corner of the cemetery, and as they were returning to their house, the appellant was intercepted. There was found in his possession a basket containing three bottles of whisky.

According to the appellant's own testimony, desiring some whisky for medicine, he made arrangements with Allen Ginn to obtain some for him. Appellant had been sick for three years with bladder trouble, and had been under the care of a physican. He had also undergone operations. His son, who was a member of his family, was afflicted with consumption. Whisky had been used by the appellant during his illness for the relief from pain. The whisky in question he claimed to have purchased from Guinn for eight dollars. His physical condition, due to the ailments mentioned, was such as had, for three years, rendered him incapacitated for work which required physical efforts. Appellant admitted on cross-examination that in the year 1915 he was convicted for the unlawful

sale of intoxicating liquor; but said that since that time he had been charged with no offense. He introduced testimony supporting his good reputation for truth and veracity.

The physican introduced by the appellant testified that he did not prescribe whisky for the appellant; that he did not prescribe it for any ailment's except chronic consumption; that the appellant's trouble was prostate trouble.

From Bill of Exceptions No. 5, it appears that on cross-examination of the State's witness, King, the appellant, by appropriate questions, sought to elicit the fact that at the time of his arrest under the circumstances detailed above, appellant made a statement that he was taking the whisky to his home in order to use it for medicinal purposes.· This testimony, was apparently improperly excluded. At the time it was made, the appellant was in the act of transporting liquor, and immediately upon his apprehension by the sheriff, he made the declaration mentioned explanatory of his committing the act upon which the prosecution was founded. This declaration was adimssible in his favor under the *res gestae* rule. Upon the subject, we take the following quotation from a text-book:

"Declarations which are commonly called self-serving cannot be given in evidence in favor of the accused unless they are part of the *res gestae*. If, however, the accused makes a statement or utters an exclamation which is spontaneous and which is connected with the incidents of the criminal transaction, and explanatory of it, may be received, though it is in his favor." (Underhill on Crim. Ev., 3d Ed., p. 225, sec. 166.)

The rule quoted has often been applied in this State as illustrated by many decisions collated by Mr. Branch, in his Ann. Tex. P. C., Secs. 84 to 89. There are many illustrations. See Copeland v. State, 94 Tex. Crim. Rep. 112, 249 S. W., Rep. 495; Belson v. State, 260 S. W. Rep. 197; Bell v. State, 94 Tex Crim. Rep. 266, 250 S. W. Rep. 177; Bell v. State, 92 Texas Crim. Rep. 343; Gaunce v. State, 261 S. W. Rep. 577; Qualls v. State, 261 S. W. Rep. 1033; Adneal v. State, 272 S. W. 784. In rejecting the proffered testimony in the instant case, the learned trial judge, in our opinion, fell into error prejudicial to the accused.

In Bill No. 2, complaint is made of the introduction of testimony to the effect that a short time antecedent to the arrest of the appellant, a person named Black was arrested while in the act of depositing a two-gallon jug of whisky in the appellant's garage. Black also had in his automobile an additionial five gallons of whisky. The bill complaining of this transaction reveals the fact that appellant was not present, but it is so meagre in its recital of the facts that we are unable to determine whether in receiving the testimony there was error committed. Whether the appellant had previous knowledge that the whiskey was to be deposited in his ga-

rage by Black or whether he had any relationship or arrangement with Black is not disclosed. In view of the appellant's defensive theory, namely, that the whisky of which he was possessed at the time of the arrest was solely for medicinal purposes, it is conceivable that the recent receipt of a supply of whisky might have been relevant upon the issue presented by the appellant's *res gestae* declaration and his testimony upon the trial, namely, his intent in bringing the whisky on the present occasion to his home. Of course, if the record is bare of evidence tending to connect the appellant with the transaction in which Black was engaged, the act of Black would not be provable against the appellant. As stated above, however, the bill, as prepared, fails by the recital of facts to negative the presumption that is indulged upon appeal in favor of the correctness of the court's ruling in receiving the testimony in question.

Because of the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*