JOHN TERRY V. THE STATE.

No. 10539.   Delivered January 5, 1927.

1.—Aggravated Assault—Statement of Facts—Bills of Exception—Filed Too Late.

Having been filed more than ninety days after notice of appeal, the statement of facts and bills of exception appearing in this record cannot be considered.  See Art. 760, C. C. P. of 1925.

2.—Same—Information and Complaint—Motion to Quash—Properly Overruled.

Where an information and complaint charging an aggravated assault alleged that same was made "with his fists and with some hard instrument *or* substance," etc., is a proper averment, the use of the word "or" between the words instrument and substance refer to and mean the same object, and cannot be construed as an alternative allegation.  Following Thomas v. State, 18 Tex. Crim. App. 213, and other cases cited.

Appeal from the County Court of Wise County.   Tried below before the Hon. S. M. Ward, Judge.

Appeal from a conviction of an aggravated assault, penalty a fine of $50 and sixty days in the county jail.

The opinion states the case.

*Will R. Parker,* for appellant.   On insufficiency of information, appellant cites:  Moon v. State, 100 S. W. 1161, Taylor v. State, 95 S. W. 120, Fry v. State, 38 S. W. 168.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of an aggravated assault in the county court of Wise County, and his punishment assessed at a fine of $50.00 and 60 days in jail.

The attorneys for this court move to strike out the statement of facts and bills of exception herein because the statement of

facts was filed more than ninety days after the notice of appeal was given and the bills of exception are not shown by the record to have been filed at all, but were approved by the court more than ninety days after said notice of appeal was given. The record supports the contention made by the state's attorneys, and under Art. 760 of the C. C. P. this court is unauthorized to consider said statement of facts and bills of exception; and for that reason, all the questions involving the admission and rejection of testimony pass out of the case.

However, the appellant complains of the refusal of the court to sustain his motion to quash the complaint and information herein because same, it is alleged, are in the alternative in charging that the appellant committed the alleged offense "with his fists and with some hard instrument or substance, the kind and name of which is unknown to affiant," etc. The appellant contends that the word "and" should have been used instead of the word "or" and that on account of the failure to use same the information and complaint are null and void. We are unable to agree with this contention and think the words "instrument or substance" refer to, and mean, the same object, by the use of two different words, and do not fall within the line of decisions forbidding allegations to be in the alternative by charging one offense by different methods. Thomas v. State, 18 Tex. Crim. App. 213; Hofheintz v. State, 45 Tex. Crim. Rep. 117; Hill v. State, on rehearing, 96 Tex. Crim. Rep. 364, 257 S. W. 262.

After a careful examination of the record, and finding no error therein, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.