JIM WEATHERLY v. THE STATE.

No. 11210.   Delivered March 7, 1928.

Rehearing denied May 16, 1928.

1.— Possessing Intoxicating Liquor — Declarations of Defendant — Res Gestae—Properly Admitted.

Where, on a trial for the possession of intoxicating liquor for the purpose of sale, officers found a large quantity of intoxicants in appellant's restaurant, who, when confronted by the offense, said to him that he hoped they would make it light on him, as it was the first he had handled for a long time. This statement was res gestae, and was properly admitted without regard to whether appellant was under arrest at the time or not. See Plunk v. State, 274 S. W. 156.

**2.—Same—No Error Presented.**

On rehearing we are confirmed in our holding in our original opinion that the declaration made by appellant to the officer at the time of his arrest was res gestae and properly admitted. See Rayburn v. State, 95 Tex. Crim. Rep. 55, and other cases cited in opinion on rehearing.

Appeal from the District Court of Stephens County. Tried below before the Hon. C. O. Hamlin, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*S. J. Osborne* of Breckenridge, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale, punishment one year in the penitentiary.

Officers, with the consent of appellant, searched his restaurant and found therein a quantity of whiskey and a large number of various kinds of containers, all of which had the odor and evidence of the prior presence of liquor in them.

There are two bills of exception, each presenting substantially the same complaint. It appears that when the officers found the whiskey they took same into where appellant was and then arrested him. He followed one of the officers out on the porch of the restaurant and there said to him that he hoped they would make it light on him as it was the first he had had or handled for a long time. The exception of this statement is the matter complained of in the bills of exception. We have no doubt of the propriety of receiving this testimony upon the ground that it was a part of the res gestae. Plunk v. State, 274 S. W. 156.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that we were in error in holding the statement made by appellant to the officer admissible because appellant was under arrest at the time. We have again scrutinized the bills of exception upon this point but think our former holding to be correct. There were three rooms to

the building occupied by appellant. When the officers went to search it appellant and other parties present were detained in the front room by some of the officers while others conducted a search in the back rooms where one-half gallon of whiskey was found. It was brought into the front room and exhibited to appellant. Some further search was made and the officer who then had the whiskey stepped out on the porch and was immediately followed by appellant who made the statement set out in the original opinion. It must be remembered that appellant was charged with possessing the liquor for the purpose of sale. The statement followed almost immediately after the discovery of the whiskey, in his possession, so closely that under the facts we feel impelled to hold the statement to have been spontaneous. It was res gestae of appellant's possession and therefore admissible, although appellant was under arrest. In addition to the authority cited in our former opinion we refer also to Rayburn v. State, 95 Tex. Crim. Rep. 55, 255 S. W. 436; Bell v. State, 92 Tex. Crim. Rep. 342, 243 S. W. 1095; Coburn v. State, 96 Tex. Crim. Rep. 25, 255 S. W. 613; Strickland v. State, 98 Tex. Crim. Rep. 636, 267 S. W. 488; Boortz v. State, 93 Tex. Crim. Rep. 479, 255 S. W. 434; Givens v. State, 98 Tex. Crim. Rep. 651, 267 S. W. 725; Foster v. State, 101 Tex. Crim. Rep. 628, 276 S. W. 928; White v. State, 102 Tex. Crim. Rep. 456, 278 S. W. 203; Martini v. State, 104 Tex. Crim. Rep. 238, 283 S. W. 505; Goforth v. State, 100 Tex. Crim. Rep. 442, 273 S. W. 845. Upon the facts the Martini case is very similar to the one now under consideration.

The motion for rehearing is overruled.

*Overruled.*