The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

ED ARCHER v. THE STATE.

No. 14435. Delivered December 9, 1931.
Rehearing Denied December 9, 1931.

156

The opinion states the case.

*J. W. Chancellor* and *Donald & Donald,* all of Bowie, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Conviction is for transporting intoxicating liquor; the punishment, confinement in the penitentiary for one year.

Peace officers apprehended the appellant on the highway driving an automobile in which they found 96 half-gallons of whisky. The officers testified that they first tried to stop the appellant and he dodged them; that they overtook him again, and, by reason of another automobile being on the highway, they were able to make him stop. The sheriff of the county testified that he stopped him for the purpose of making the arrest and to search him. The officer Lee Husband testified that when they stopped the car appellant was driving, they looked in the front of the car but did not see any whisky; that they told the appellant to get out because they wanted to search his car. When they told him the second time, he got out and they asked him, "Do you have any whisky", and he said, "Yes, Lee, I have some whisky", or said, "I have some whisky". That up to that time he had not seen any whisky in the car but after appellant told him he had whisky in the car, he went around to the back of the car and opened the back and found 96 half-gallons of whisky, one-half gallon of it was broken when they unloaded it.

It was appellant's contention, and he so testified, that he drove the car to Fort Worth, Texas, on the morning of December 4, 1929, on business carrying cotton samples with him and also attended to business at the compress; that after finishing the business, he parked the car in a parking station near the Majestic theater and did not at any time inspect the car before leaving to see what was in the rear end thereof, and that he did not at any time place any whisky in said car, nor did he know of anybody else placing the whisky in said car, and that he did not know at any time while driving over said highway that the whisky was in said car. That after he left Fort Worth, he did not stop anywhere between Fort Worth and the place where the sheriff stopped him and made the search. He testified that they found the whisky in the car, but he did not know it was there. He testified that he was given a taste of the liquor that night when they opened the car and got one of the jars of the liquor and tasted it; that they all three said, "Yes, this is liquor", and that he said, "Let me taste it to see whether or not it is liquor", and that he did taste it. The appellant also denied that he told the officers that he had any whisky, but that he only asked the sheriff what he was searching for.

By a number of bills of exception, the appellant complains of the action of the trial court in permitting the officers who searched the car to testify to the result of said search because at the time the search of said car was made said officers did not have a search warrant nor was the

search made under probable cause. The admission of the evidence of the fact of the finding in the car driven by the appellant of the whisky as testified to by the officers was admissible in this case. Appellant having testified to the same criminative facts embraced in the testimony of the officers relative to finding the whisky in his car, he is in no position to assert that the erroneous reception of the testimony of the officers was harmful. Jones v. State, 115 Texas Crim. Rep., 543, 27 S. W. (2d) 180; Adams v. State, 113 Texas Crim. Rep., 501, 21 S. W. (2d) 1057; McLaughlin v. State, 109 Texas Crim. Rep., 307, 4 S. W. (2d) 54; Frey v. State, 109 Texas Crim. Rep., 168, 3 S. W. (2d) 459; Gonzales v. State, 108 Texas Crim. Rep., 253, 299 S. W., 901.

There are also a number of bills of exception to permitting the officers searching the car to testify that the appellant upon being questioned by said officers at the time of his arrest, when asked what he had in said car, that he replied, "whisky", or words to that effect. The court qualifies the bill to the effect that he admitted said testimony as res gestae; that the officers testified when their car and defendant's car had stopped, the sheriff ordered the defendant to get out of his car, and asked defendant what he had in the car and defendant replied, "whisky"; that the officers then looked in the turtle-back of defendant's car and found the whisky. Appellant objected to said statement because such statement was made while he was under arrest, and was inadmissible and did not lead to the discovery of the fruits of any crime, and no warning having been given in respect thereto, and no valid reason existed in law for the officers to stop said car and no crime was being committed in their presence, nor was there a search warrant in existence authorizing their action. It is admitted by the state in this case that appellant was under arrest at the time the statement admitted in evidence was made, but it was equally evident from the facts that the search had not been concluded at the time of said statement. The statement was made almost immediately after the car had been stopped. It occurs to us that the statement was so closely connected with the finding of the liquor as to have been spontaneous and was therefore part of the res gestae of the transaction and admissible although appellant was under arrest. See Weatherly v. State, 109 Texas Crim. Rep., 548, 5 S. W. (2d) 986; Rayburn v. State, 95 Texas Crim. Rep., 555, 255 S. W., 436; Bell v. State, 92 Texas Crim. Rep., 342, 243 S. W., 1095. See, also, Ross v. State, 114 Texas Crim. Rep., 127, 24 S. W. (2d) 404; Hays v. State, 115 Texas Crim. Rep., 644, 28 S. W. (2d) 556.

Res gestae is independent of, superior to, and cannot be restricted to, or limited by, the rules relating to confessions or admissions made after arrest. Upton v. State (Texas Crim. App.), 20 S. W. (2d) 794; Gowans v. State, 64 Texas Crim. Rep., 401, 145 S. W., 614; Harris v. State, 110 Texas Crim. Rep., 410, 10 S. W. (2d) 551.

By bill of exception No. 5, appellant complains of the action of the trial court in refusing to charge the jury that the state relied in part on circumstances to prove the guilty knowledge of appellant in the transportation of the intoxicating liquor charged by the indictment. The court properly refused to charge on circumstantial evidence. The main fact,. the transportation of the whisky by the appellant, was proven by direct evidence. The appellant himself testified that he was driving the car in which the liquor transported was found. See Bloxom v. State, 16 S. W. (2nd) 1098.

By several bills of exception, appellant complains of the charge of the court because the court did not state that the transportation of whisky must be *knowingly* done, but only charged the jury that if they believed from the evidence beyond a reasonable doubt the defendant did unlawfully transport intoxicating liquor, etc. Article 666, Penal Code, provides that it shall be unlawful for any purpose, among other things, to transport any spirituous, vinous, or malt liquors, or medicated bitters capable of producing intoxication, or any other intoxicant whatever. The court affirmatively charged on the defense of the appellant to the effect that if the jury should believe from the evidence beyond a reasonable doubt that the defendant on or about the time alleged did transport intoxicating liquor, etc.; still you are further instructed that if you believe that the defendant did not know prior to the time the officers stopped him on the highway that said liquor, if any, was in the car he was driving, or if you have a reasonable doubt thereof, you will acquit the defendant. We believe that this amply and sufficiently protected all the appellant's rights under his defense.

There are 27 bills of exception in the record, many of which pertain to the same question as to the admissibility of the testimony of the officers and as to the admission in evidence of the statements of the appellant at the time his car was searched. We have examined all of said bills of exception and in those that have not been discussed we find no such error as would call for a reversal of this case.

No reversible error appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Upon fourteen grounds carefully stated, appellant seeks a rehearing.

Grounds one, two, five and seven renew the question in one form or another as to the admissibility of the testimony of the officers regarding the liquor found upon search of appellant's car. The issues of probable

cause and the legality of the search passed out of the case when appellant took the witness stand and swore that the officers did find in said car the liquor they claimed to have found. The cases cited in our original opinion and many others without any to the contrary, so hold.

Grounds three, four and nine again question the admissibility of appellant's statement, when first asked as to what he had, after he was stopped on the highway by the officers, that he had whisky in the car. The statement, according to the state witnesses, was made at once after appellant stopped his car. The Weatherly case, cited in our original opinion, collates many authorities. In addition, Mr. Branch, in section 83 of his Annotated P. C., cites authorities too numerous to mention upholding the proposition of the admissibility of this testimony as part of the res gestae.

The sixth ground is that the eighth exception to the court's charge should have been sustained. Same was based on the supposition that the officers were making an illegal arrest. We do not think they were, under the facts, it being affirmed by the officers that when appellant was stopped he told them he had whisky, but in any event this proposition relates to and affects only the admissibility of the evidence given by the officers, and is disposed of by what we have said above.

The eight ground complains of the refusal of a peremptory charge to acquit, and need not be discussed. The court told the jury in the charge that if they believed that appellant "unlawfully" transported intoxicating liquor, to find him guilty. The use of the word "unlawfully" in such connection was not error. This is appellant's tenth ground.

We see nothing in the facts calling for a charge on circumstantial evidence. The liquor was in appellant's car. He was not only seen driving the car on the highway but admitted that he had driven it. His defense, as appears from his testimony, was that he did not know the liquor was in the car. The question of lack of knowledge was appropriately submitted in the charge. The court properly limited the jury's consideration of the fact that appellant had been charged with another felony, to the question of his credibility, if they believed it affected same.

Being unable to agree with any of appellant's propositions, the motion for rehearing will be overruled.

*Overruled.*