PAUL WILLIAMS V. STATE.

No. 24584. January 11, 1950.
Rehearing Denied March 15, 1950.

*Ben F. Mooring*, Paris, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted in the county court of Lamar County for the offense of possession of whiskey for the purpose of sale in said county, a dry area, and the jury assessed his punishment at a fine of $350, and three months in jail.

Armed with a search warrant duly issued on their affidavit alleging that such place was a place where alcoholic beverages were unlawfully possessed, kept and sold in violation of law, two deputy sheriffs searched a tourist cabin in the city of Paris, and there found and seized several bottles of whiskey.

The officers turned off the lights and remained inside waiting for the party who had possession of the key to the cabin to return. Twenty-five or thirty minutes later appellant and a girl arrived, the girl having a key, and after she had attempted to do so and failed, appellant opened the door with the key, and both entered.

Upon observing the officers, both of whom were well known to him, appellant remarked, "This beats all, a man can't get out and take a drink without having visitors." Appellant was laughing at the time, and the officers jokingly replied, "What's the matter, Paul, don't you like visitors?" Appellant then said "I bought a half case to sell, but got to drinking, and had not sold any."

Proof was made that Lamar County is a dry area.

Appellant complains of the introduction of testimony of the officers and of the introduction of the whiskey found as a result of the search, his contention being that the description of the premises as contained in the affidavit for the search warrant and in the warrant itself was insufficient. With this contention we do not agree.

The premises to be searched is described in the affidavit and in the warrant as "a certain private dwelling, located in Lamar County, Texas, described as a tourist cabin, the same being No. 27 at Lamar Courts in the City of Paris, Lamar County, Texas." It is shown by the record that the tourist court named was generally known to the residents and citizens of Paris, and that there was no other place in Lamar County known as Lamar Courts. It was also shown that there was only one cabin No. 27 in the tourist camp known as Lamar Courts.

Appellant's statement to the officers was to the effect that he claimed the whiskey found in the cabin. Bills of exception as to the admissibility of such statement were qualified by the trial judge and no exception was reserved to such qualification.

As qualified, the bills show that the statement was made by

the appellant upon entering the cabin. Under the facts as shown by the record and as reflected in the qualifications of the bill, we hold that the statement of appellant was a part of the res gestae, and therefore admissible. See Weatherly v. State, 109 Tex. Cr. R. 548, 5 S. W. 2d 986; and Waltrip v. State, 134 Tex. Cr. R. 202, 114 S. W. 2d 555.

The judgment of the trial court is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant again complains relative to the claimed inadequacy of the search warrant under which this liquor was found. We think the original opinion properly disposed of such contention.

Upon opening the door of this Cabin No. 27 in the Lamar Courts, appellant made the statement as set forth in the original opinion relative to the purchase of half a case of whisky for the purpose of sale, there being six one-half pints, and one whole pint of whisky found therein. Evidently he was talking about the whisky there present. Appellant was charged with the possession of whisky for the purpose of sale in a dry area, and claims he was under arrest at the time he made the remark about the purchase of half a case of whisky. If such be true, we think the doctrine of res gestae overrides the fact of appellant's probable arrest. See Plunk v. State, 101 Tex. Cr. R. 9, 274 S. W. 156, wherein it is said:

"In our opinion, the testimony was admissible as a part of the res gestae of the transaction, and in such case it was immaterial whether the accused was under arrest or not. In Bell v. State, 92 Tex. Cr. R. 342, 243 S. W. 1095, a similar statement, made under much the same circumstances, was held admissible. See, also Coburn v. State, 96 Tex. Cr. R. 25, 255 S. W. 613; where the accused made a statement, when whisky was found in the back of a car, that it was his. See, also, Broz v. State, 93 Tex. Cr. R. 137, 245 S. W. 707; Hill v. State, 96 Tex. Cr. R. 364; 257 S. W. 262; Qualls v. State, 97 Tex. Cr. R. 406, 261 S. W. 1033; Calloway v. State, 92 Tex. Cr. R. 506, 244 S. W. 551."

Appellant being charged with the possession of whisky for the purpose of sale, we think his statement relative to such pos-

session was res gestae thereof. We do not think the trial court was in error in failing to charge relative to the possession of this whisky upon the part of Flora Nell McNeal. She made no statement nor laid any claim to the liquor there present. The mere fact of her presence in company with appellant and naught further shown would not raise any presumption relative to her possession for the purpose of sale of the liquor toward which appellant seemed to direct his remarks in the presence of the officers. Appellant placed her without the suspicion of being the owner or possessor of such liquor for the purpose of sale.

We think the original opinion properly disposes of this cause, and the motion for a rehearing will therefore be overruled.